Argued 1 March, decided 1 May, 1906.

### STATE *v.* WATSON.

85 Pac. 336.

ARSON — EVIDENCE — REMOTENESS.

1. In a prosecution for arson, in which the State claimed that defendant attempted to burn the building by saturating a part of it with kerosene, testimony that three or four days after the fire, witness picked up some of the earth under the building, and that it smelled as if kerosene had been poured over it, was not objectionable as too remote.

ARSON — EVIDENCE OF OWNERSHIP OF BUILDING.

2. Where, in a prosecution for arson, the ownership of the building was laid in a person alleged to have been a subtenant under defendant, a receipt for rent, signed by defendant, was competent on the question of ownership.

INSTRUCTION — ASSUMING ADMITTED FACTS.

3. Trial judges may mention in their instructions facts as to which there is no dispute, without invading the province of the jury.

From Douglas : JAMES W. HAMILTON, Judge.

William Henry Watson was indicted for arson in setting fire to a building alleged to have been the property of G. W. Wight, who subleased from defendant, using the building as a hotel. Defendant rented a room, and in this the fire started. Defendant appeals from a judgment of conviction.                          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. William Wilshire Cardwell.*

For the State there was a brief with oral arguments by *Mr. Andrew Murray Crawford*, Attorney General, and *Mr. George M Brown*, District Attorney.

MR. CHIEF JUSTICE BEAN delivered the opinion.

The defendant was charged, in an information filed by the district attorney, with the crime of arson, by burning the dwelling house of George H. Wight. He was convicted, sentenced to the penitentiary, and appeals.

1. The theory of the State was that the defendant attempted to burn the building by saturating the outside of a part thereof, and the inside of a room rented by him of Wight with kerosene and setting it afire. Wight was a witness for the State, and was allowed to testify over defendant's objection and exception that three or four days after the fire he examined the ground under the room rented by him to defendant and found it wet; that he picked up some of the earth and it smelled as if kerosene had been poured over it. The objection urged to the testimony is that it was too remote; but it was competent as corroborating the other testimony tending to show that kerosene was freely used in starting the fire. Its value was for the jury.

2. To prove that Wight was the owner of the building, for the purpose of this case, the prosecution gave in evidence a receipt to him for rent signed by the defendant, whom it was claimed was Wight's landlord. After defendant had been arrested, and while he was incarcerated in the county jail, Wight sent money with which to pay the rent to the sheriff who delivered it to the defendant and took his receipt therefor, and we can see no objection to the competency of such receipt. It was the voluntary act of the defendant, and was evidence tending to contradict his contention that he, and not Wight, was the owner of the building.

Various articles were taken from the room rented by the defendant from Wight during and after the fire, such as a coal oil can, some burlap sacks and excelsior saturated with oil, a telescope valise, etc. The evidence shows

that these articles were safely preserved from the time they were taken from the room until offered in evidence on the trial, and were sufficiently identified to be admitted in evidence as tending to show the origin and cause of the fire.

3. The court in its instructions said, among other things, that the testimony tended to show that the defendant leased or rented the room where it is claimed the fire occurred, and that there were found in such room a can of coil oil and other materials. It is claimed that in so doing it invaded the province of the jury. There was no dispute in the testimony as to the facts mentioned by the court. The witnesses for the State and the defendant agree upon that question, and there was, therefore, no error in the instruction: *State* v. *Morey*, 25 Or. 241 (36 Pac. 573).

The judgment is affirmed.                    AFFIRMED.