GILMORE, Respondent, vs. ORCHARD and another, Appellants.

*April 11—May 9, 1922.*

*Automobiles: Negligence: Person alighting from street car: Contributory negligence: Instructions: Damages: Appeal: Printed briefs: Misleading quotation.*

1. Statements made by a party as a witness as to the details of an accident are not physical facts; and a verdict is not contrary to clearly established physical facts because some statements of the party are inconsistent with it.
2. On conflicting evidence, the question of the contributory negligence of the plaintiff in failing, after passing around the rear of a street car, to observe the approach of an automobile before entering the zone of danger, is a question for the jury.
3. The printing in a brief, in connection with one instruction, of a sentence from another instruction, without reference to case or record to indicate the change in context, and then arguing as if they were one instruction, is misleading, not in conformity with the rule, and the practice should be carefully avoided.
4. Ch. 537, Laws of 1921, amended sec. 1636—49, Stats. 1919, by providing that an automobile "proceeding in the same direction" should stop while a street car received or discharged passengers; and an instruction under the law before the amendment, that although the street car had started before an automobile coming at right angles had reached it the plaintiff might properly have the rule in mind as bearing upon the proposition of how fast an approaching automobile might be moving, is unexceptionable.
5. An instruction in regard to damages is considered as open to the possible misconstruction of allowing recovery not only of compensation for the period of plaintiff's total incapacity and for diminished earnings during the period of partial disability, but also for loss of his former job, which he was incapacitated from filling; but in view of the fact that the verdict was not large considering the personal injuries sustained, and that on a former trial the verdict was for substantially the same amount, it is *held* that such instruction had not misled the jury to defendant's prejudice.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Personal injury. The plaintiff was an employee of the St. Paul, Minneapolis & Sault Sainte Marie Railway Company, frequently called the Soo Company. On the evening of the accident, 8:50 p. m., January 30, 1921, he was returning from North Fond du Lac to his home on McWilliams street, which is at right angles to Main street in the city of Fond du Lac. Upon Main street there are double street-car tracks, and the plaintiff rode from North Fond du Lac to McWilliams street on the south-bound car, traveling upon the westerly track. The car stopped at the intersection of Main street and McWilliams street, which runs easterly and westerly at right angles to Main street. Plaintiff left the street car at the rear door upon the west side and passed around the rear of the car and over the westerly tracks into the space between the two street-car tracks. The ground was covered with snow and ice and the plaintiff slipped and fell so that his left leg passed under the rear wheel of defendant's automobile, which was at that time traveling northerly either upon the north-bound street-car track or upon the space between the tracks, or partly on the north-bound track and partly in the space.

It appears from the evidence that the plaintiff was in the hospital twenty-two days; that at a later time his leg was reset and a plate put in, the leg having been broken in two places, at the ankle and half way between the ankle and knee; that he was unable to work for about seven months, when he obtained employment with the railway company as a passenger brakeman. He was unable to resume his former work by reason of his inability to get upon and alight from moving trains.

The case was submitted to the jury upon a special verdict, and the jury found, first, that the taxi driver did not use ordinary care in respect to speed as he approached the place of collision; second, that the taxi driver did not use ordinary care in respect to sounding his horn as he approached the place of the collision; third, that the want of ordinary

care thus found was the cause of plaintiff's injuries; fourth, there was no want of ordinary care on the part of the plaintiff which proximately contributed to produce his injuries; and assessed the plaintiff's damages at the sum of $3,000.

There were the usual motions after verdict, and from the judgment rendered in favor of the plaintiff the defendant appeals.

*J. Elmer Lehr* of Milwaukee, for the appellants.

*L. E. Lurvey* of Fond du Lac, for the respondent.

ROSENBERRY, J.   The finding made by the jury in response to the first and second questions is assailed as being contrary to the clearly established physical facts. A careful examination of the record fails to disclose any established physical facts inconsistent with the jury's findings. Some statements made by the plaintiff in his testimony are inconsistent with the facts as found by the jury, but the statements made by the plaintiff are not physical facts. They are statements made by him of the facts as they appeared to him, and it may well be that the shock of the accident left his mind confused as to his exact position or as to the exact sequence of events immediately preceding the collision. The finding of the jury as to the negligence of the defendant is supported by at least a clear preponderance of the evidence.

It is next urged that the plaintiff was guilty of contributory negligence as a matter of law in failing to observe the approach of the automobile at or before he entered the zone of danger. Upon this point there is a conflict of evidence and the question was for the jury.

Exception is taken to the following instruction given by the trial court:

"It is the duty of a driver to consider all the circumstances present and observe the other provisions as to speed quoted as well as the one prohibiting travel faster than fifteen miles an hour. Consider all circumstances of this

case—the fact that the auto was approaching a street intersection, that the street car ahead of the driver as he approached obstructed his view ahead of the car of the zone of danger to pedestrians crossing the street; the fact that the street car had stopped for accommodation of passengers and was only just starting up as he approached it; the distance the auto traveled after the application of brakes, but with regard in this connection to the testimony as to the condition of the street as to snow and ice, the condition of the brakes on the auto and the absence of chains on the wheels; consider all these and all other circumstances as well as the direct testimony as to the speed of the car, and answer the question as to speed in view of all the testimony."

In the brief, a sentence used by the court in connection with the fourth question is taken out of its context and printed in connection with the instruction given in reference to the first question, as follows:

"The law requires that a driver of an automobile shall stop when a street car is actually discharging and taking on passengers at a street crossing until the passengers are discharged or taken on."

The quoted instructions are then argued as if they were one instruction. No reference to either case or record is given in the brief to indicate that the last sentence was taken out of its context and printed in connection with the instruction given in regard to the first question. This may be the result of inadvertence, but whether it is or not it is misleading and not in conformity with the rule and is a practice which should be carefully avoided. We do not charge there was any intention to mislead in this case. The instruction as given in regard to question 1 we think unexceptionable.

In instructing the jury in regard to the fourth question, relating to contributory negligence, the court said:

"The law requires that a driver of an automobile shall stop when a street car is actually discharging and taking on passengers at a street crossing until the passengers are discharged or taken on. The street car had started as the auto reached it, but the plaintiff might properly have this rule in

mind as bearing upon the proposition of how fast an approaching auto would be likely to be moving if one were approaching."

This instruction is based upon the provisions of sec. 1636—49, Stats. 1919. The legislature, by ch. 537 of the Laws of 1921, amended the section by inserting after the words "street car" the words "proceeding in the same direction." Prior to its amendment the section read:

"The operator or driver of any vehicle, when any street car is actually taking on or discharging passengers at the crossings or intersections of any public streets or highways, shall stop such automobile, motorcycle or other similar motor vehicle, until such passengers shall have been taken on or discharged from such car."

Certainly the statute before its amendment contained no exception and required motor vehicles to stop under the circumstances there described, whether they were moving in the same direction that the street car was moving or in an opposite direction. The trial court correctly construed and applied the statute to the situation shown by the evidence in this case.

The trial court instructed the jury in regard to damages as follows:

"The items of allowance are compensation for the pain and suffering up to this time and in the future resulting from his injury; the expenses of surgeon's attendance and hospital care resulting from the injury, the expense of a future operation to remove the plate in his leg if you find it reasonably certain from the evidence that such operation will be necessary, and compensation for the suffering and loss of time incident to such operation; compensation for the loss of time while wholly incapacitated for labor after the injury; compensation for the loss up to this time of earnings incident to his inability to go back to his former job, if you find such inability, and that he lost his former job on account thereof; and compensation for such diminished earnings if any as he will suffer in the future as a result of his injury."

The instruction is criticised on the ground that it makes the loss of his former job a basis of damages, whereas the true measure of damages is such damage as he has sustained by reason of his diminished earning capacity, if any. The use of this language is unfortunate and might very well be misleading. It appears from the evidence that the plaintiff had for some time been in the employ of the Soo Railway Company. It is a matter of common knowledge that railway employees have, comparatively speaking, a secure tenure in their employment; that they obtain certain seniority rights and are customarily accorded privileges which are of substantial value, and the jury may take these facts into consideration in assessing the plaintiff's damages; but when they take into consideration compensation during the period of total incapacity and compensation for diminished earnings during the period of partial incapacity, their consideration necessarily includes the kind and character of employment in which the plaintiff was engaged and the entire loss sustained by him by reason of his injuries so far as compensation is concerned, and he is not entitled to recover in addition to that a further element of damages due to the fact that he lost his job.

We are persuaded in this case that the jury were not misled to the prejudice of the defendant by this instruction. The amount of the damages recovered in view of the injuries sustained is not large. On a former trial another jury found substantially the same amount. While the instruction may be technically subject to criticism, the rights of the defendant have not been substantially prejudiced thereby. The trial court undoubtedly meant to say, and the jury no doubt understood him to say, that the plaintiff was entitled to compensation for such damages as he had sustained by reason of his incapacity to continue his former occupation. The fact that his employment was more or less secure in tenure was an element which might properly enter into their consideration of that question.

*By the Court.*—Judgment affirmed.