**William J. Elliott, Administrator of the Estate of William D. Elliott, Deceased, Appellee, v. Bernard Trandel, Appellant.**

**Gen. No. 27,368.**

1. APPEAL AND ERROR—*finality of order denying dismissal of appeal.* A motion to strike a bill of exceptions from the record and to dismiss the appeal based thereon, which has once been denied by the Appellate Court, will not again be considered.

2. HIGHWAYS AND STREETS—*when statute fixing speed limit is admissible in evidence.* In an action for the death of plaintiff's intestate in a collision with defendant's automobile, where a count charging negligence in operating such automobile at an unlawful speed in a thickly settled section of the city has been withdrawn because the evidence showed the scene of the accident to be in an outlying district, no error was committed by receiving in evidence the entire section of the statute fixing the speed limits for closely settled districts as well as outlying ones, where the evidence showed an unlawful speed for an outlying district and the statute was not read to the jury and they were not called upon to consider it in arriving at their verdict.

3. HIGHWAYS AND STREETS—*failure to prove surplusage immaterial where negligent use of streets proven.* Failure to prove

allegations that defendant's automobile which caused the death of plaintiff's intestate was not equipped with suitable brakes and safety devices is not grounds for an instruction to find defendant not guilty on the count in which such allegations are contained where the negligence charged in such count involves failure to give any warning signal of the approach of defendant's automobile and the evidence supports such charge.

4. HIGHWAYS AND STREETS—*failure to look for approaching vehicles on car tracks as contributory negligence.* A boy who had alighted from a standing street car at a regular crossing and passed around the rear end thereof on his way across the street is not guilty of contributory negligence in failing to look as well as listen for vehicles approaching from the opposite direction on the parallel track, as to an automobile approaching on such track, where the evidence shows that such automobile was running noiselessly and at a high rate of speed and tends to show that no warning signal of its approach was given by the driver.

Appeal by defendant from the Superior Court of Cook county; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed January 10, 1923. *Certiorari* denied by Supreme Court (making opinion final).

C. J. BASSLER, R. F. BIPPUS and G. D. ROSE, for appellant.

JOHN E. CRAHEN, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

By this appeal the defendant Trandel seeks to reverse a judgment recovered in the superior court of Cook county, by the plaintiff, in the sum of $3,500. The deceased, William D. Elliott, a boy nearly eleven years of age, was killed as the result of being struck by an automobile belonging to the defendant, at the intersection of Archer avenue and Kildare avenue in the City of Chicago. Kildare avenue runs north and south and Archer avenue runs practically east and west. The latter street is occupied by a double track street railway. The deceased was a passenger on a

west bound car, and in stopping to permit him to leave the car at that point, it overran the east crosswalk at Kildare avenue to some extent. When the deceased got off the car immediately after it had stopped, he proceeded to go around the rear end of the car and walk across Archer avenue in a southerly direction. As he was about to step across the north rail of the eastbound track on Archer avenue, he was struck by the defendant's automobile, a large limousine, which was proceeding east on Archer avenue in the eastbound car tracks.

In support of the judgment appealed from, the plaintiff contends that the bill of exceptions should be stricken from the record and the appeal dismissed. The plaintiff has previously made a motion to that effect in this court and on December 13, 1921, the motion was denied. It will, therefore, not again be considered at this time.

As originally filed, the plaintiff's declaration consisted of three counts. The first alleged general negligence in the operation of the defendant's automobile at the time and place in question. The second alleged that the scene of the accident was in a thickly settled business district, where, under the statute, it was unlawful to operate a motor driven vehicle in excess of ten miles per hour, and it was alleged that the defendant violated the statute in that regard. The third count pleaded the section of the statute requiring motor vehicles to be provided with suitable brakes and also with suitable means of warning, and the negligence alleged in this count is that the defendant had failed to give any warning or signal of his approach at the time of the occurrence in question. The evidence which was introduced established the fact that the scene of the accident was not in a closely built up business district, as alleged by the plaintiff in his second count and that count of the declaration was therefore withdrawn. In the course of the trial, however,

the plaintiff introduced in evidence the section of the statute above referred to, relating to the speed of automobiles, to which the defendant objected. The trial court overruled the objection and the section of the statute was received in evidence, but the court did not permit plaintiff's counsel to read the statute to the jury. This section of the statute not only provides that it shall be unlawful to operate motor vehicles in excess of ten miles per hour, in a thickly settled business district, but it also provides that it shall be unlawful to operate such a vehicle in excess of twenty miles per hour in outlying districts of a city, town or village, and further, that it shall be prima facie evidence of negligence on the part of the operator of such vehicle if it appears that he did drive it in excess of such speed in such a district. The evidence did show that the occurrence in question took place in an outlying district and in our opinion the preponderance of the evidence was to the effect that at the time the plaintiff's intestate was struck, the defendant's automobile was being driven between thirty and thirty-five miles an hour. It is contended by the defendant that the court erred in permitting the entire section of the statute to be received in evidence and that if any part of it was received it should have been only that part referring to outlying districts of cities, towns or villages. In our opinion the contention of the defendant with regard to the action of the trial court, involving the admission of this section of the statute in evidence, is not tenable, if for no other reason because of the fact that the section was not read to the jury and they were never called upon to consider the provisions of the section, either in whole or in part, and it could, therefore, have had no effect upon their verdict.

The defendant contends that the trial court erred in denying his motion to instruct the jury to find the defendant not guilty as to the third count, there being no evidence in the record to the effect that he had

failed to provide his car with suitable brakes and warning devices, as required by the statute, which was referred to in that count. We are of the opinion that no error was committed in regard to this matter. The negligence charged in the third count involved the failure of the defendant or his agent, who was driving the car at the time in question, to sound any warning signal of his approach. There was evidence in the record supporting that charge of negligence. The allegations in the count concerning the requirments of the statute, to which reference has been made, were not at all material and may be considered as surplusage. If the question had been properly raised they should have been stricken from the count.

The main contention of the defendant in this court in support of his appeal is to the effect that a boy of the age of the deceased may be guilty of such conduct as to amount to contributory negligence, either as a matter of law or as a matter of fact, and that the overwhelming weight of the evidence is such as to demonstrate that in the case at bar the deceased was guilty of such negligence and that, therefore, the plaintiff cannot recover. A consideration of this question involves some further statement of the facts shown by the evidence.

As the westbound street car, on which the deceased was a passenger, approached Kildare avenue, and stopped there, a Ford automobile occupied by one Swoboda and his wife was proceeding along Archer avenue in the eastbound track at a point 100 feet or more west of Kildare avenue. According to the testimony of Swoboda and his wife, when they were at that point, proceeding in an easterly direction at the rate of about twenty-five miles an hour, the defendant's car passed them on their left, having turned out onto the westbound track in order to pass them, and when passing them the defendant's car was going about thirty-five miles an hour. It appears from the evi-

dence that Archer avenue at this point was not paved and the roadways outside of the street car tracks were rough and unsuitable for automobile traffic, while there was crushed stone on the street car right of way which made a fairly smooth roadway. After passing the Ford in which Swoboda and his wife were riding, the defendant's car turned back into the eastbound track and was proceeding in the rails of that track as it went by the street car at about the same speed, thirty-five miles per hour. According to the testimony of these witnesses the front end of the street car was about in the middle of Kildare avenue when it had stopped to let the deceased off, and it had started up again before the deceased was struck. They also testified that no horn or other warning signal was sounded by the defendant's automobile between the time it passed the Ford and the time it struck the deceased. Swoboda testified that he saw the deceased when he came around the end of the street car, just as the car had started to leave, and that the defendant's automobile was then about the length of the street car away from the deceased; that the deceased was then walking south and took three or four steps and then turned and looked toward the automobile, which was at that moment close upon him; that he then threw up his hands and tried to pull back out of the path of the automobile but did not succeed; that there was another street car approaching from the west some distance behind the Ford at about this time and the motorman on that car was ringing his gong, apparently to get the Ford out of his way, and that the ringing of this gong and the collision between the defendant's car and the deceased happened at about the same time. He further testified that the deceased was walking and not running, as he was struck. Evidence to the same general effect as that already noted was given by another witness who was walking east on the south side of Archer avenue, seventy-five or eighty

feet west of Kildare avenue. This witness did not give the speed of the defendant's automobile in miles per hour but he testified that it "was running very fast." There was some evidence tending to show that the testimony of the witness last referred to, at the coroner's inquest, was different in some particulars from the testimony he gave at the trial.

The only witnesses of the occurrence, testifying for the defendant, were the chauffeur, who was driving the car at the time in question, and one of the occupants of the car. At the time of this occurrence, the car, which was a so-called funeral car, was returning from one of the outlying cemeteries. The chauffeur testified that the car was a "right-hand drive," so that he sat on the right side of the front seat to drive. He also testified that as he approached Kildare avenue he had not passed any other automobile; that as he approached Kildare avenue he blew his horn and slowed up, and again blew his horn as he was passing the westbound car, and that about this time he saw the deceased run out from behind the street car and bump into the left fender about two feet from the front; that this happened near the west crosswalk of Kildare avenue; that the street car had stopped and was standing still; that he had been running ten to fourteen miles an hour and had slowed up to eight or ten miles as he approached the street car; that the maximum speed of his car was about twenty-eight miles an hour. Swoboda had testified that he had carried the boy into a nearby store but the chauffeur denied this, although he admitted that Swoboda had helped carry the boy into the store. It seems to be the contention of the defendant that the Swobodas did not witness the accident. The chauffeur testified that he first saw Swoboda four or five minutes after the accident, and the passenger in the defendant's car, who testified, stated that after the accident had happened and he got out of the car and went back, he saw a Ford automo-

bile standing there. This witness also testified that the defendant's chauffeur blew his horn just before the accident.

There are many cases in the books, covering accidents of this character, where pedestrians have stepped out from behind street cars and onto another track in the path of a car going in the opposite direction, and under the facts involved in many of these cases it has been held that the victims of the accident were guilty of contributory negligence, and where they, or their representatives, have recovered damages in the trial court, this court has reversed the judgments with findings of fact. We have carefully examined those of such cases as have been called to our attention by counsel for both sides in the case at bar and also many other cases of the same character. None of these cases has held that where one was injured under such circumstances as are involved in the case at bar, the failure of the person injured, to stop, look and listen, makes him guilty of contributory negligence as a matter of law. In some of the cases the person injured has been held to be guilty of contributory negligence as a matter of fact, and in others, the contrary result has been reached.

In the case of *Stack v. East St. Louis & S. Ry. Co.*, 245 Ill. 308, the Supreme Court said:

"There is no rule of law which prescribes any particular act to be done or omitted by a person who finds himself in a place of danger. In the variety of circumstances which constantly arise it is impossible to announce such a rule. The only requirement of the law is that the conduct of the person involved shall be consistent with what a man of ordinary prudence would do under like circumstances. Courts can lay down no precise rule of action to be observed by a man who, passing behind a street car, finds himself suddenly confronted, without warning, by a rapidly moving car or other vehicle. If, momentarily paralyzed or confused by the imminent danger, he does nothing, or takes a step or two in the wrong direction and a col-

lision results, it cannot be said, as a matter of law, that he acted in a manner different from that which might have been expected from a man of ordinary prudence. It is not an extremely unusual situation, and each case, as it arises, must be determined upon its own facts."

In commenting on the facts involved in that case the court further said:

"It was possible for him (appellant), by the exercise of a sufficiently high degree of care, to have discovered the eastbound car and not have got in its way. He had, however, a right to rely upon his sense of hearing as well as of sight, and to expect the appellant, in running its car past another car stopped for the discharge of passengers, to give warning and to observe the ordinance of the city in respect to speed. While the negligence of the appellant did not relieve the deceased from the necessity of exercising care for his own safety, it is to be considered in determining whether his conduct was such as an ordinarily prudent man might have adopted under the circumstances, and that question was properly submitted to the jury."

In the case of *Welch v. Chicago City Ry. Co.*, 195 Ill. App. 146, involving an accident similar to the one involved in the case at bar, in which the deceased was a young woman about twenty-five years of age, this court referred to the *Stack* case, quoting the language which is above set forth, and affirmed the judgment of the trial court, holding that under the circumstances there involved, the finding of the jury to the effect that the deceased had not been guilty of contributory negligence was not against the manifest weight of the evidence. In the *Welch* case this court further referred to and quoted from the case of *Illinois Cent. R. Co. v. Batson*, 81 Ill. App. 142, in which after quoting from many cases this court said:

"These authorities, and many others that might be cited, warrant the statement that while a failure to look if a train is approaching is not in law negligence *per se*, it is negligence in fact, if there are no conditions or circumstances which excuse looking."

Decisions similar to the one last referred to are to be found in *Burke v. Chicago City Ry. Co.,* 153 Ill. App. 388, involving a boy of the age of eleven years and seven months, and the case of *Koehler v. Chicago City Ry. Co.,* 166 Ill. App. 571, involving a boy of the age of ten years. In both of the latter cases, judgments which had been entered against the defendants in the trial court were reversed, with findings of fact, on the theory that the evidence contained in the records of those cases failed to disclose any circumstances or conditions that excused the failure of the victims of the accidents there involved, to look as they stepped out from behind the street car. In all of the cases of this type, to which reference has been made, the vehicle causing the injury complained of was a street car or a train.

In our opinion the evidence involved in the case at bar does disclose circumstances and conditions which excuse the failure of the deceased to look west in time to prevent his being struck by the defendant's automobile. The vehicle involved here, being an automobile, and running along the rails of the eastbound track, made little or no noise, and, as stated in the *Stack* case and other cases, the deceased had a right to rely upon his sense of hearing as well as his sense of sight, and the jury would be fully warranted in concluding, from the evidence in this case, that as the deceased was walking across the car tracks on Archer avenue he heard nothing coming along the eastbound car track past the street car which he had just left. Certainly it could not be held that in failing to turn his head to the west, until just as he was stepping over the north rail of the eastbound track, the deceased was guilty of negligence, as a matter of law, and whether, under all the circumstances involved, he was guilty of negligence, as a matter of fact, was a question for the jury to determine, and we cannot say that their finding to the effect that he was not, is against the manifest weight of the evidence.

The deceased was, of course, to be held to that degree of care and caution for his own safety which a boy of his age and degree of intelligence, which the evidence shows to have been high, should reasonably be expected to exercise. In our opinion, the evidence is such as to warrant the jury in concluding that there was no warning signal given and that there was no sound to indicate the presence of any vehicle in the eastbound track in close proximity, when the occurrence in question happened. In our judgment, the action of the jury should not be disturbed.

The judgment of the superior court is, therefore, affirmed.

*Affirmed.*

TAYLOR and O'CONNOR, JJ., concur.