## Lester Mulligan, Plaintiff in Error, v. Ethel Andel, Defendant in Error.*

1. APPEAL AND ERROR—*signature of judge on bill of exceptions as direction to file.* The signature of a judge to a bill of exceptions presented in time authenticates the bill in the manner required by law, and is a direction to the clerk to file the bill.

2. APPEAL AND ERROR—*date of presenting bill of exceptions as date of signing and filing.* Presenting a bill of exceptions, showing on its

* Received from clerk of Appellate Court, August 8, 1927.

face that it is within filing time, to the judge for signing makes it his duty to regard the day thereof as the day for signing and filing.

3. Appeal and error—*when bill of exceptions may be filed after time allowed.* If the time for filing a bill of exceptions expires without the judge signing it after it was presented to him in time, he may enter an order for filing *nunc pro tunc,* and upon failure to do so the clerk should file it as of the day it was presented to the judge.

4. Appeal and error—*presumptions in favor of bill of exceptions.* Where the record shows that a bill of exceptions was signed by the judge before time for filing had expired and was filed, on appeal the clerk will be presumed to have done his duty and filed it in time.

5. Highways and streets—*what makes prima facie case of negligence against automobile driver.* Under the Motor Vehicles Act, Cahill's St. ch. 95a, ¶¶ 23, 43, a prima facie case of negligence of an automobile driver is made by showing that she was driving in excess of ten miles an hour through closely built parts of a city and that plaintiff was injured by the automobile.

6. Highways and streets—*rule for motor vehicles coming towards street cars.* The Motor Vehicles Act, Cahill's St. ch. 95a, ¶ 41, requiring motor vehicles to pass not closer than 10 feet to street cars stopping for passengers, applies to motor vehicles coming from the opposite direction as well as those overtaking the car.

7. Highways and streets—*negligence of automobile driver as fact question for jury.* Evidence showing that an automobile driver was driving faster than ten miles an hour in a closely built part of a city and not over three feet from a street car discharging passengers, in violation of a statute, makes question of fact for the jury of whether the driver was guilty of negligence in driving over and injuring plaintiff as he came from behind the street car.

8. Highways and streets—*contributory negligence in automobile accident as jury question.* Whether plaintiff in stepping from behind a street car and being hit by a closely and overspeedily driven automobile in violation of statute was guilty of contributory negligence barring recovery for his injuries is a question for the jury.

9. Highways and streets—*acts in excitement as not contributory negligence in automobile accident.* That plaintiff, in his excitement at suddenly meeting a too swiftly driven automobile, after stepping from behind a street car put his hand on the fender is not such negligence as will bar recovery for injuries sustained thereby.

Error by plaintiff to the Circuit Court of St. Clair county; the Hon. J. F. Gillham, Judge, presiding. Heard in this court at the October term, 1923. Reversed and remanded. Opinion filed March 10, 1924.

P. K. JOHNSON, for plaintiff in error.

M. U. HAYDEN, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

In an action on the case to recover for personal injuries sustained in a collision with defendant's automobile, the court directed a verdict and entered judgment thereon. A motion to strike the bill of exceptions from the files was taken with the case. The record discloses that the judgment was entered on May 5, 1921, at which time the court entered an order allowing 90 days in which to file a bill of exceptions, and that the bill was signed by the trial judge on June 22, 1921. The motion to strike is based on the alleged fact that no bill of exceptions was filed in this cause. The transcript of the record filed in this court contains the following recital: "Be it remembered that the following is a true and correct copy of the bill of exceptions in said cause as the same appears on file in my office." The clerk's certificate to the transcript is to the effect that the above and foregoing is a true and correct copy of the pleadings, all court orders and the bill of exceptions in this cause.

It is apparent, therefore, that the suggestion that no bill of exceptions was filed is contrary to the record. It may be that counsel mean that as the record does not show the date of filing it must be presumed that it was not filed within the time allowed by the court. Where the signature of the judge is attached to a bill of exceptions, which has been presented in time, the signature must be regarded as authenticating the bill in the manner required by law and authorizing it to be filed, and the act of the judge in signing amounts to a direction to file the bill. *City of East St. Louis v. Vogel*, 276 Ill. 490. If the bill is presented to the judge within the time allowed for filing the same and the fact

is shown on the face of the bill, it is the duty of the judge to regard the day the bill is presented to him as the date upon which it should be signed and filed. If the time for filing expires in such case before the bill is actually signed, it is proper practice for the judge to enter an order for filing *nunc pro tunc* but if he fails to do so it is the duty of the clerk to file it as of the date it was presented to the judge. *Madden v. City of Chicago,* 283 Ill. 165–172.

Where the bill bears an indorsement that it was presented to the judge on May 20 and time for settlement fixed at June 5 and the signing of the bill appears to be on June 5, the fact that the bill shows it was filed May 20 does not show that the bill was filed before it was signed, but it will be presumed the clerk filed the bill as of May 20 after it had been signed. *City of Lake Forest v. Buckley,* 276 Ill. 38. In the case at bar the bill was presented to the judge, and signed by him, long before the time for filing had expired. His signature to the bill was a direction to the clerk to file it, and it was the duty of the clerk to do so. He had no authority to file it after the time expired. It is a general rule that public officers are presumed to have done their duty. The record shows that the bill was filed and we must presume that the clerk did his duty and filed it in time in the absence of a showing to the contrary. In *Hall v. Royal Neighbors of America,* 231 Ill. 185, and other cases relied upon by counsel for defendant, the record showed, affirmatively, that the bill was filed after the time had expired, so they have no application. The motion to strike the bill of exceptions from the record is denied.

The declaration consists of four counts in all of which it is averred that plaintiff was in the exercise of due care and caution. The first charges that defendant so carelessly and negligently drove her car that it struck and injured plaintiff. The second, that the car was driven at a speed greater than was reasonable and

proper, having regard to the traffic and use of the
street and exceeding a speed of ten miles per hour in
the business district of Belleville. The third, that she
gave no signal of the approach of her car and drove
the same by a street car without stopping or giving
heed thereto while the street car was stopped for the
purpose of receiving and discharging passengers; that
plaintiff alighted from said street car and was pro-
ceeding to cross the street when struck by defendant's
car. The fourth charges negligence in failing to com-
ply with a city ordinance which required the driver of
a car to keep as near to the right-hand curb as possible.
The general issue was pleaded and at the close of
plaintiff's evidence the court directed a verdict for
defendant.

The accident occurred on May 30, 1920, at about
7 p. m., when plaintiff was about 16 years of age. He
and another boy about his own age boarded a west-
bound street car at the public square in Belleville to go
to Turner Hall at the corner of Main and Tenth streets
in that city. The street car tracks are on Main street
and when the car reached Tenth street it stopped to
receive and discharge passengers. The boys alighted
from the rear north door and went around the back
end of the car to cross over to the south side of Main
street. The evidence tends to show that, at that time,
defendant was driving her automobile east along Main
street quite close to the south side of the street car.
The other boy was ahead and got around the street car
first. He saw the automobile coming and ran across
the street ahead of it. Plaintiff testified that when he
came around the back end of the street car he was
walking and just as he stepped out from behind the car
defendant's automobile was very close to the side of
the street car and to himself. In his excitement he
put his hand on the fender of the automobile about
even with the front wheel, when he was thrown on the

pavement and his right leg was run over by defendant's car. Both bones were fractured above the ankle joint.

The evidence tends to show that Main street, at the place in question, passes through a closely built-up business portion of the city of Belleville. Under section 22 of the Motor Vehicles Act, Cahill's St. ch. 95a, ¶ 23, to operate a motor vehicle at such a place at a speed in excess of ten miles per hour is prima facie evidence that the person operating the same was running at a rate of speed greater than was reasonable and proper. And, under section 42 of the same act, Cahill's St. ch. 95a, ¶ 43, when the plaintiff makes such proof and also proves that he was injured by such motor vehicle he has made out a prima facie case of negligence. At least two witnesses testified that defendant was driving her car at a speed of from ten to fifteen miles per hour at the time in question. An ordinance was offered in evidence, without objection, which requires the driver of vehicles to drive as near the right-hand curb as possible. A civil engineer testified that the distance from the south rail of the street car track to the south curb of Main street is fourteen feet and three inches. There is evidence tending to show that the automobile was about a foot or a foot and a half from the south side of the street car as defendant drove by the car. Section 40 of the Motor Vehicles Act, Cahill's St. ch. 95a, ¶ 41, provides that in approaching or passing a street railway car, which has been stopped for the purpose of receiving or discharging passengers, the operator of every motor vehicle shall not drive the same within ten feet of the running board or lowest step at such car, except by direction of a traffic officer.

We are of the opinion that said section of the statute applies to all cases where an automobile meets or overtakes a street car which has stopped at a street intersection to receive or discharge passengers. It is a

matter of common knowledge that many people, on leaving a street car, go around the end of the car and across the street. The statute was passed in the interest of public safety. The language, "In approaching or passing a street railway car," is certainly broad enough to include motor vehicles coming from the opposite direction, as well as those overtaking or going in the same direction as the street car. The first paragraph of said section provides that the driver of a motor vehicle, upon approaching a person or animal upon a public highway, shall give reasonable warning of his approach. It has been construed as applying to a meeting, an approach from opposite directions. *Smith v. Hersh,* 161 Ill. App. 83; *Fitzsimmons v. Snyder,* 181 Ill. App. 70.

An automobile is "approaching" another vehicle when it is coming up behind it. *Gifford v. Jennings,* 190 Mass. 55, 76 N. E. 233. "It is, morever, immaterial whether the automobile is approaching the team from the rear, or coming from the opposite direction." *Trombley v. Stevens-Duryea Co.,* 206 Mass. 516, 92 N. E. 764, 2 N. C. C. A. 806. Under a statute intended to promote the public safety, it was held that one who had passed a place of danger was "approaching" and entitled to warning of an intended explosion. *Wadsworth v. Marshall,* 88 Me. 263, 32 L. R. A. 588. A statute required the driver of any motor vehicle to stop when a street car was receiving or discharging passengers. The court held it applied to a motor vehicle coming from the opposite direction. *Gilmore v. Orchard,* 177 Wis. 149, 187 N. W. 1005.

We are of the opinion that there was sufficient evidence tending to prove negligence on the part of defendant to make it a question of fact for the jury. While counsel for defendant assert that no negligence was proven, they have not discussed the evidence bearing thereon, or the law applicable thereto. Their sole contention seems to be that plaintiff was guilty of con-

tributory negligence as a matter of law which authorized the court to direct a verdict.

A police officer alighted from a westbound street car at a street intersection where the car had stopped to receive and discharge passengers. He walked around the back end of the car and immediately on stepping from behind the car was struck by the corner of an eastbound car. It was contended that he was guilty of contributory negligence, because he did not stop, look or listen before going upon the track, and that the court should have directed a verdict for defendant. We held that under the evidence it was a question of fact for the jury. *Stack v. East St. Louis & Suburban Ry. Co.*, 152 Ill. App. 613, and the judgment was affirmed in 245 Ill. 308. In that case the Supreme Court, on page 310, said: "Courts can lay down no precise rule of action to be observed by a man who, passing behind a street car, finds himself suddenly confronted, without warning, by a rapidly moving car or other vehicle. If, momentarily paralyzed or confused by the imminent danger, he does nothing, or takes a step or two in the wrong direction and a collision results, it cannot be said, as a matter of law, that he acted in a manner different from that which might have been expected from a man of ordinary prudence. It is not an extremely unusual situation, and each case, as it arises, must be determined upon its own facts. There was evidence in this case that the car which struck the deceased was running at a rate of speed greatly in excess of the ten miles an hour limited by the ordinance; that the gong was not sounded within fifty or sixty feet of the crossing where the deceased was struck, and that the east-bound car was within two or three feet of him as he came from behind the west-bound car. It was possible for him, by the exercise of a sufficiently high degree of care, to have discovered the eastbound car and not have got in its way. He had, however, a right to rely upon his sense of hearing as well as of

sight, and to expect the appellant, in running its car past another car stopped for the discharge of passengers, to give warning and to observe the ordinance of the city in respect to speed. While the negligence of the appellant did not relieve the deceased from the necessity of exercising care for his own safety, it is to be considered in determining whether his conduct was such as an ordinarily prudent man might have adopted under the circumstances, and that question was properly submitted to the jury.''

Under a similar state of facts the *Stack* case, *supra,* was followed in *Welch v. Chicago City Ry. Co.,* 195 Ill. App. 146, and *Elliott v. Trandel,* 227 Ill. App. 359. In the latter case the deceased alighted from a westbound street car, where it had stopped to receive and discharge passengers, and passed around the rear end of the car in a southerly direction. As he was about to step across the north rail of the eastbound track he was struck by defendant's automobile, which was going east in the eastbound car tracks. There was evidence that the defendant drove his car at a high rate of speed without giving warning of its approach. The court, on page 368, said: ''Certainly it could not be held that in failing to turn his head to the west, until just as he was stepping over the north rail of the eastbound track, the deceased was guilty of negligence, as a matter of law, and whether, under all the circumstances involved, he was guilty of negligence, as a matter of fact, was a question for the jury to determine.'' The court held that the trial court did not err in refusing to direct a verdict in favor of the defendant and the Supreme Court denied a writ of certiorari. The denial of the writ was an approval of the conclusions of the Appellate Court. *Soden v. Claney,* 269 Ill. 98.

Counsel for defendant argue that plaintiff ran into the side of the automobile and that defendant was not bound to assume that he would do so and that under such circumstances he is not entitled to recover. Plain-

tiff testified he was not running, but admits that he put his hand on the fender about even with the front wheel of the automobile. The fact that he did so, in his excitement, is not a bar in his action. *Perryman v. Chicago City Ry. Co.,* 145 Ill. App. 187, aff'd in 242 Ill. 269; *South Chicago City Ry. Co. v. Kinnare,* 216 Ill. 451. In the latter case the court, on page 454, said: "There was testimony tending to show that while be-tween the train and the buggy the deceased put his hand on the side of the motor car, and that this caused his wheel to 'wobble' and to come in contact with the trailer, which struck him and threw him to the surface of the street. But this act of the deceased could not be deemed contributory negligence as matter of law."

In the case at bar, there was evidence tending to show that defendant was driving her car at a rate of speed in excess of ten miles per hour, in violation of the statute; that her car was within two or three feet of the street car, in violation of the statute and the city ordinance. Plaintiff had a right to expect that defendant would obey the statute and the ordinance and under the authorities above cited the question of contributory negligence was a question of fact for the jury. The court erred in treating it as a question of law and directing a verdict. The judgment is reversed and the cause remanded.

*Reversed and remanded.*