Argued February 18, affirmed April 8, 1953

# OREGON MOTOR STAGES *v.* PORTLAND TRACTION COMPANY

255 P. 2d 558

*Leo Levenson,* of Portland, argued the cause for appellant. With him on the briefs was Larry Landgraver, of Portland.

*Jarvis B. Black,* of Portland, argued the cause for respondent. With him on the brief were Griffith, Phillips & Coughlin, of Portland, and James K. Buell, of Portland.

Before LATOURETTE, Chief Justice, and WARNER, LUSK, BRAND and PERRY, Justices.

LATOURETTE, C. J.

This is an appeal from a judgment after verdict in favor of the defendant arising out of a collision of the buses of the parties at the intersection of S. W. 5th avenue and Madison street in Portland. The plaintiff assigns as error the giving by the court of the following instruction:

"The verbal testimony of witnesses which appears to you to be contrary to physical facts in-

volved in the case should be received by you with caution and perhaps even with disbelief. Witnesses may be mistaken in their observations or in their recollections, or they may unintentionally or even deliberately fail to report the truth. You are the judges of the credibility of all of the witnesses. Therefore, when physical facts of the case appear in evidence and are undisputed, or where you are firmly convinced of the truth of evidence as to physical facts, these physical facts may be entitled to greater weight than the verbal testimony of the witnesses. If the testimony of any witness is clearly contrary to the undisputed physical facts of the case, you should disregard that testimony and rely upon the physical facts.''

The facts show that on June 10, 1949, around 6:30 p.m., plaintiff's employe, Everett Ready, was driving plaintiff's bus in a westerly direction along Madison street into the intersection of 5th avenue, at which time the defendant's employe, Cortland Kuehnert, was operating defendant's bus in a northerly direction along 5th avenue and into said intersection, whereupon the two buses collided.

Plaintiff called as a witness Police Officer Ellis who arrived after the collision and testified concerning the physical facts in the case, i.e., the position of the unmoved vehicles when he arrived at the scene of the accident, the debris on the pavement indicating the point of impact as 15 feet west and 15 feet south of the northeast corner of the intersection, the skid marks after impact, the condition of the light pole struck by defendant's bus, the distance each bus traveled after the collision, and the location of the structures on the four corners of the intersection. He also identified the photographs, which were introduced in evidence, of the two vehicles showing their condition immediately after the collision.

Plaintiff's driver Ready testified as to where each bus was damaged, corroborated in the main the physical facts testimony of Officer Ellis, and then detailed the circumstances surrounding the collision. He related that as he entered the intersection, traveling at a speed of 20 m.p.h., he observed a car coming from the north on 5th avenue which slowed down to let him pass, and then he looked to the left and saw defendant's bus from 50 to 75 feet south of the south curb of Madison street. He stated that since on this particular day the Rose Festival was in progress there were many pedestrians on the street, and he did not again look south at the oncoming defendant's bus and first again noticed it when it was within ten feet of him, whereupon he applied the airbrakes but without avail. He testified that the left front corner of his bus struck the right side of defendant's bus behind the front door. The pictures in evidence indicate that the defendant's bus was crushed practically in the center.

As against this testimony defendant called its driver who testified that when he was within 18 to 25 feet of the intersection traveling 15 m.p.h., he looked easterly along Madison street about one-half block for from 80 to 100 feet distant and did not see plaintiff's bus at that time, and that the area to the right was clear. He then looked to the left and saw no traffic approaching from the left and again looked to the right and found that plaintiff's bus was almost on him. He tried to turn to the left to avoid the crash but was unable to do so. There is no testimony on the part of the defendant as to the speed of plaintiff's bus excepting that it was traveling "pretty fast."

At the conclusion of the taking of the testimony, plaintiff's attorney moved to withdraw from the jury

the allegation regarding the speed of plaintiff's vehicle contained in defendant's answer charging contributory negligence "since there is no competent evidence on speed as to the plaintiff." In answer to said motion defendant's attorney stated:

"We have in Oregon what is known as the basic rule, and so there is no particular number of miles per hour, which means a lawful or unlawful speed, and here we have the application, in my opinion, of the uncontrovertible physical facts rule, which the physical facts show. The uncontrovertible physical facts here are such that you can't draw any other conclusion but that there was speed, and so when you take the physical facts as evidenced by that photograph and also the skid marks and the distances traveled afterwards there is certainly evidence to support the allegation as to speed.

"THE COURT: When you said 'speed,' do you mean speed beyond 20 miles an hour, or too much speed under 20 miles an hour?

"MR. EASLEY: No, I mean violation of the basic rule."

Plaintiff's position on the appeal is made clear by the following under "Points and Authorities":

"It is the primary duty of the court to determine whether oral evidence is so absurd as to be opposed to established physical facts or contrary to scientific principles. If the oral testimony is of that nature it must be rejected by the court as being without probative value. Therefore, if the oral evidence was competent and not rejected, it was error for the court to instruct the jury to give more weight to one kind of evidence as against another."

It is argued that the only time the physical facts rule may be invoked is where the verbal testimony is contrary to scientific principles or laws of nature, in which event the court must reject the verbal utterances and

exclude them from the case. *Cameron v. Goree,* 182 Or 581, 599, 189 P2d 596, is cited as authority for plaintiff's contention. Turning to that case we find the following language:

> "Van Zandt v. Goodman, (Or.), 179 P. 2d 724, analyzed 'the incontrovertible physical facts rule.' The decision states:
>
>> " ' It is, of course, the rule that a verdict or finding cannot be based on evidence which is opposed to establish[ed] physical facts.'
>
> When the facts to which a witness has given utterance are contrary to common experience and it is impossible that they can be true, they must be rejected. In order to reject such testimony, it is not necessary to find that the witness was of a mendacious type. If it is obvious that his testimony can not be true, it is rejected; the character and the motive of the witness are immaterial."

■■ It is true that the trial court may reject verbal utterances and exclude them from the case where they are contrary to common experience and where it is impossible that they can be true; however, under some circumstances, and especially where no motion is made for such exclusion, it is not improper for the court to submit the matter to the jury, and this appears to be in full harmony and consonance with subsection 2 of § 2-1001, OCLA, which states that the court shall instruct the jury that:

> "* * * they are not bound to find in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, or against a presumption or other evidence satisfying their minds; * * *."

The trial court in giving the instruction in question merely amplified subsection 2 above mentioned by reducing it to language which the jury could under-

stand, that is, that the jury was not bound to find in conformity with the testimony of plaintiff's driver against the physical facts, but, if they were satisfied that the physical facts produced conviction in their minds against the verbal testimony, they should rely upon the physical facts.

In 20 Am Jur, Evidence, 1035, § 1184, we read:

"Testimony of a witness, although not directly controverted, which is opposed to the unquestioned laws of nature that lie within the court's judicial knowledge or which is clearly in conflict with scientific principles as established by the laws of physics or mechanics is of no probative value. The court may refuse to permit such testimony to be received in evidence or considered by the jury; *and, if it is admitted the jury may disregard it,* or the court may direct a verdict or sustain a demurrer to the evidence. The jury may not rest its verdict on testimony at variance with well-established and universally recognized physical, mechanical, and mathematical laws." (Italics ours) See 32 CJS, Evidence, 1074, § 1031; *Streuser v. Portland Traction Co.,* 56 Adv. Sh. 43, 252 P2d 546.

In the case of *Steinmetz v. Nichols,* 352 Mo 1047, 180 SW2d 712, 716, we find that the trial court instructed the jury as follows:

"Instruction L, dealing with the credibility of witnesses, included the following words: 'You are not required as jurors or as men to accept as a fact the statement of any witness, if any, which you find contrary to the physical facts established by the evidence in the case and contrary to the general knowledge and experience of mankind, and it is your province to give the testimony of any witness just so much credit as you believe the same is entitled to at your hands.'

"Appellant says the instruction was prejudicial because it 'comments upon and indicates that the

court doubted plaintiff's evidence. \* \* \* The only purpose and effect, where all of the witnesses were offered by plaintiff, was to disparage plaintiff's evidence and create the impression that the court considered it dubious and warned against accepting it.' Appellant further contends that the instruction excludes evidence not in conflict with physical facts and common observation; and that it advised the jury 'they were not required to weigh or consider anything said by any witness if any statement was contrary to any physical fact.' We think the instruction goes no further than to tell the jury that they were not required to accept as true any statement of a witness found to be in conflict with physical facts and common observation. There was no direction to disregard the *entire* testimony of any such witness. \* \* \* The instruction is not a comment on or a disparagement of plaintiff's witnesses and there is no contention that the instruction was not warranted by the evidence.''

In *Wabash R. Co. v. McDoniels,* 183 Ind 104, 107 NE 291, 295, the court said:

''\* \* \* The jury has the right to disregard the testimony of a witness whose statement is contrary to the laws of nature.''

In 12 Blashfield, Cyclopedia of Automobile Law and Practice, Instructions, 64, § 7655, it is stated that:

"In weighing the testimony of any witness or witnesses, you have a right to consider physical facts which are established by the evidence, and you may draw inferences from such physical facts in determining what credibility should be given to the testimony of witnesses in the light of such physical facts.''

Nor did the court by such instruction, as claimed by plaintiff, invade the province of the jury by commenting on the effect or value of the evidence as is

prohibited by § 2-1001, OCLA, nor violate § 5-308, OCLA.

There appears to be a great misconception over the meaning of the court's commenting on the evidence. The question is clarified, however, in *State v. High,* 151 Or 685, 691, 51 P2d 1044, wherein we said:

> "The above section undoubtedly prohibits a court from commenting on the effect and value of the evidence but, in our opinion, it does not prevent the court from calling the attention of the jury to certain portions of the evidence for the purpose of explaining the theory of the State. In the instant case, the trial court was careful to avoid expressing any opinion as to what the evidence showed or tended to show. Indeed, there was no comment upon the evidence, but merely a recital or review of the evidence. Whenever any reference was made to the evidence, the trial court invariably stated that the same was introduced 'for the purpose of showing' some theory on the part of the State. Furthermore, the court was careful to explain that the jurors were the exclusive judges of the effect and value of evidence. The instructions, when considered in their entirety, disclose a remarkably clear statement of the law applicable to the facts and the rights of the defendants were in no way prejudiced." See *State v. Raper,* 174 Or 252, 259, 149 P2d 165.

We said in *State v. Watson,* 47 Or 543, 545, 85 P 336, that:

> "The court in its instructions said, among other things, that the testimony tended to show that the defendant leased or rented the room where it is claimed the fire occurred, and that there were found in such a room a can of coil [sic] oil and other materials. It is claimed that in so doing it invaded the province of the jury. There was no dispute in the testimony as to the facts mentioned by the court.

The witnesses for the State and the defendant agree upon that question, and there was, therefore, no error in the instruction: State v. Morey, 25 Or. 241, (36 Pac. 573)."

Furthermore, there was no dispute in the case about the physical facts, i.e., where defendant's bus was struck, the location of the debris, the skid marks and the distance each vehicle traveled. Such evidence was produced by plaintiff and his witness Ellis.

■ In instructing the jury in the present case the court properly instructed on the credibility of the witnesses and the value and effect of evidence as follows:

"Now, you have to judge the effect of the evidence, but your power of judging the effect of the evidence is not arbitrary, but is to be exercised with legal discretion and in subordination to the rules of evidence, some of which I will now give you.

"It is a part of your duty to pass upon and determine all questions concerning the credibility of the witnesses and the value and effect of the testimony and the evidence. You are to determine the truth, where there is contradictory evidence or where different minds might draw different conclusions from the testimony. All questions of the effect and value of the testimony are for your decisions, and yours alone."

■ The verdict of the jury was in favor of the defendant, and it could not very well have been otherwise since the evidence shows that the accident could not possibly have happened according to the testimony of plaintiff's driver which was the sole evidence on behalf of plaintiff as to how the accident occurred. He testified that when he was at the intersection, going 20 m.p.h., he looked south on 5th avenue and saw defendant's bus from 50 to 75 feet south of the south curb of

the intersection. The impact, according to the undisputed evidence, occurred 15 feet west and 15 feet south of the northeast corner of the intersection. Plaintiff's bus struck defendant's bus practically in the middle.

Plaintiff testified that when he was within ten feet of the point of collision he saw defendant's bus directly in front of him. Under such a circumstance, while plaintiff's bus was traveling five feet at 20 m.p.h., defendant's bus would have had to travel 50 feet northerly to the south intersection, in addition to three-quarters of the distance across the intersection, which would be approximately another 27 feet, for a total of 77 feet, or at a rate of speed approximately 15 times as fast as plaintiff's bus was traveling or 300 m.p.h., equal to that of a DC-6 airliner.

Of course, such testimony is absurd and unquestionably would have been withdrawn by the court had a motion therefor been made. The error, if any, in the giving of the instruction was therefore not prejudicial. Affirmed.

BRAND, J., specially concurring.

This case involves the "incontrovertible physical facts rule". The driver of the defendant's car testified that when he was within 18 to 25 feet of the intersection and traveling 15 miles per hour, he looked easterly along Madison street for from 80 to 100 feet, and the area was clear. He then proceeded. The plaintiff testified that when he was at the intersection, going 20 miles per hour, he looked south on Fifth Avenue and saw the defendant's bus from 50 to 75 feet south of the south curb of the intersection. If the testimony of either side were accepted as absolutely correct, strange conclusions might be reached as to the conduct of the other,

in view of the fact that the collision occurred. Obviously someone was in error as to distances or speeds, or both. I agree that the number of feet that a car can travel at a given period of time, and at a given speed, is an incontrovertible physical fact. I agree that plaintiff's bus could not have been traveling 300 miles per hour. But, a jury is as competent as a judge to make simple arithmetical calculations, and to apply the result, in determining the effect and value of the evidence. They need no instruction on such a matter, and I am of the opinion that none should be given in such a case.

While I agree with the result reached by the majority, I am apprehensive lest the language of the opinion may lead to an improper understanding of the incontrovertible physical facts rule. The opinion refers to testimony concerning the physical facts,

"i.e., the position of the unmoved vehicles when he arrived at the scene of the accident, the debris on the pavement indicating the point of impact as 15 feet west and 15 feet south of the northeast corner of the intersection, the skid marks after impact, the condition of the light pole struck by defendant's bus, the distance each bus traveled after the collision, and the location of the structures on the four corners of the intersection. * * *"

We are told that there was no dispute in the case about the physical facts, i.e., where the defendant's bus was struck, the location of the debris, the skid marks, and the distances each vehicle traveled. Truly, the location of the debris has a bearing upon the place of collision, but only by reason of inferences which may be drawn as to how near, or how far, from the debris the actual point of impact was. The conclusion would depend upon the relative force exerted by the two vehicles in causing the debris to fall at the point where it

was found. The distance from the point of impact at which the vehicles were found was susceptible to accurate measurement. But the reason for their being at the distances found might depend upon many factors. As for instance, the weight of the car; the time when the ignition was turned off; the force of the blow by the other car; the manner in which the brakes were employed. The skid marks were no doubt observable and measurable, but their significance would also depend on the speed of the respective vehicles, their respective weights, and the force applied to each by the contact with the other, and the extent to which brakes may have been applied. Again, the condition of the light pole which was struck by the defendant's bus could be accurately observed and photographed. But the significance of the condition in which it was found would depend upon inferences to be drawn from a number of different circumstances. Furthermore, it seems to me clear that the physical facts rule should not be invoked when it is predicated upon the testimony of a witness in a moving vehicle, as to the speed or distance of another vehicle on an intersecting street, at some instant of time, which cannot be accurately known, and when distance and speed may have changed at any other moment. From *Van Zandt v. Goodman et al.,* 181 Or 80, 179 P2d 724, I quote:

> "It is said that 'the physical facts rule cannot come into play with respect to the position, speed, etc., of movable objects, if the facts relative to speed, position, etc., must be established by oral evidence' or 'where it is necessary to make estimates or measurements, or to start with an assumption of the existence of a fact.' Anderson, An Automobile Accident Suit, 707 § 571; 708, § 572. See cases cited in the notes and Duling v. Burnett, 22 Tenn. App. 522, 124 S.W. (2d) 294.

"In Gilmore v. Orchard, 177 Wis. 149, 151, 187 N.W. 1005, Mr. Justice Rosenberry said upon this subject:

" 'Some statements made by the plaintiff in his testimony are inconsistent with the facts as found by the jury, but the statements made by the plaintiff are not physical facts. They are statements made by him of the facts as they appeared to him, and it may well be that the shock of the accident left his mind confused as to his exact position or as to the exact sequence of events immediately preceding the collision.' "

In my opinion, this court should not approve the instruction given in this case. It tends to place oral evidence of the kind above-mentioned, in a separate category and to give to it some special weight or sanctity. All of the oral evidence in the case related to the facts in issue. Some of the so-called facts were based upon estimate alone, and all of the "physical facts", so-called, were relevant only because of logical inferences which might be drawn therefrom. To designate a part of the oral evidence as "physical facts", and to suggest that physical-fact evidence is of a higher degree of probative value than other testimony concerning the facts in issue, unnecessarily complicates the thinking of the jury, who, after all, must weigh all of the relevant evidence, giving to each part thereof only the weight to which it is entitled in view of all the rest.

Strictly speaking, the instruction given did not comment on any special evidence. It did lay down a rule as to the weighing of evidence in general. The statute OCLA, § 5-308, which has deprived trial courts of the highly salutary common-law power to comment on the evidence, merely provides that the court "shall not present the facts of the case * * *." The trial court

did not present the facts of the case, but it did lay down a rule which, if followed by the jury, would have somewhat restricted their consideration of the case. If, under our former decisions which appear to me to go beyond the requirements of the statute, the restriction is to be considered an improper comment on the evidence, I think it was cured by other instructions, and did not constitute reversible error. I therefore concur in the result.

WARNER, J., joins in this opinion.

LUSK, J. (dissenting).

I think the instruction was a comment on the evidence and therefore erroneous, and that the judgment should be reversed.