Argued May 8, affirmed August 2, 1963

## STURM *v.* SMELCER
384 P. 2d 212

*Duane Vergeer,* Portland, argued the cause for appellant. On the brief were Charles S. Crookham, and Vergeer & Samuels, Portland.

*Howard K. Beebe,* Portland, argued the cause for respondent. With him on the brief were William H. Belt, Hermiston, and Maguire, Shields, Morrison, Bailey & Kester, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

McALLISTER, C. J.

This is an action to recover damages for the alleged wrongful death of plaintiff's decedent, John F. Sturm, resulting from a collision between a tractor operated by Sturm and an automobile operated by defendant. The jury returned a verdict for plaintiff, and from the judgment entered thereon the defendant appeals.

Defendant's brief contains three assignments of error, each contending that the court erred in giving a certain instruction to the jury.

The accident occurred on November 5, 1960 on County Road No. 649 near Hermiston in Umatilla county. The road was surfaced with sand and gravel for a usable width of about 21 feet. There were fences and trees along both sides of the road. The tractor was about six feet wide.

The defendant was driving west on the county road and overtook the farm tractor proceeding ahead of him, being driven by the decedent, John Sturm. The defendant testified that while some distance to the rear of the tractor he sounded his horn and pulled to the left to pass the tractor. At that time the tractor was traveling at from 10 to 15 miles per hour and the defendant at about 25 miles per hour. The defendant testified that he drove as close to the left edge of the road as possible, leaving a distance of approxi-

mately three to four feet between the right side of his car and the tractor. It was the contention of the defendant that in the process of passing the tractor the left rear wheel of the tractor collided with the right side of his vehicle.

■ Defendant contends that the court erred in giving the jury the following instruction:

> "The statutory law of the State of Oregon also provides that a driver of any vehicle upon a highway before starting, stopping, or turning from a direct line shall first see that such movement can be made in safety."

The above instruction was mainly a quotation of the first sentence of ORS 483.126 (1).[①]

If there was any error in giving the above instruction it was invited by defendant. In his answer he alleged that as he was passing the tractor "the deceased abruptly turned his tractor to the left and drove the same into collision with the vehicle operated by this defendant." The answer further alleged that the decedent was negligent in "turning from a direct line before seeing such movement could be made in safety." Defendant did not ask to withdraw this specification of negligence from consideration by the jury, and on the contrary was permitted to amend the quoted allegation at the outset of the trial.

There was evidence from which the jury could have found that decedent was negligent as charged

---

[①] ORS 483.126. "(1) The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety. * * * Whenever the operation of any other vehicle may be affected by such movement he shall give a proper signal which is plainly visible to the driver of such other vehicle of the intention to make such movement."

by defendant. Defendant testified that he sounded his horn while overtaking the tractor and that in response Sturm turned the tractor to the extreme right edge of the road. Defendant also testified that as he was passing the tractor his own car was on the extreme left side of the road, and that while his car was in that position the tractor came across the road toward him "at an angle." The marks of the vehicles indicated that the initial collision was between the right front side of defendant's car and the hub of the left rear wheel of the tractor. Under the foregoing circumstances we think the court did not err in giving the instruction, and we find no merit in this assignment of error.

■ The defendant also assigned as error the giving of the following instruction:

"Whenever the operation of any other vehicle may be affected by such movement, the operator of a vehicle shall give a proper signal which is plainly visible to the driver of such other vehicle of the intention to make such movement."

This instruction, like the one discussed above, was taken from ORS 483.126 (1). An allegation in the complaint charging defendant with failing to give a proper signal before attempting to pass the tractor was removed from consideration by the jury, and the parties are agreed that there was no issue raised during the trial of the case concerning any failure to signal.

Although the instruction was abstract we are satisfied that the defendant was not prejudiced thereby. It would have been obvious to the jury that unless Sturm was looking to the rear, defendant could not have given him a plainly visible signal that defendant intended to turn to the left and pass the tractor. If

there was any need for defendant to signal it was by an audible rather than a visual signal. Defendant testified that he did give an audible signal. If the challenged instruction applied at all, it applied to the conduct of Sturm, rather than defendant. "The giving of an abstract instruction is not reversible error unless it can be determined from the record that the jury may have been and probably were misled, to the injury of the complaining party. *Sage v. Royce,* 223 Or 590, 596, 354 P2d 295. We think the jury were not misled in this instance.

■ Lastly, the defendant contends that the court erred in giving the following instruction:

"Now, a finding or a verdict cannot be based upon evidence which is contrary to established physical fact. If you find the testimony of any witness to be in direct conflict with the undisputed physical facts, then you are to disregard all of such testimony as opposed to physical fact. In order to reject such testimony it is not necessary to find that the witness was false, but he merely may have been mistaken. * * *"

Defendant did not object to the form of the above instruction, but merely excepted because "this was not an appropriate case for such an instruction."

In *Rich v. Cooper,* 234 Or 300, 380 P2d 613 (April 10, 1963), we said: "* * * The incontrovertible physical facts instruction is appropriate only where the facts relied upon conflict irreconcilably with the testimony of the witness." We agree with defendant that this was not an appropriate case for the physical facts instruction, but we find that the defendant was not prejudiced thereby. In *Ore. Motor Stages v. Portl'd Traction Co.,* 198 Or 16, 21, 255 P2d 558, this court held that the giving of a similar

instruction was not prejudicial. The court there said that the instruction was merely an elaboration of the statutory instruction found in ORS 17.250 (2).[2]

This case turned on a simple issue of fact, fully understandable by the jury—which driver was negligent in turning into the other vehicle during the passing operation. The jury was not confused by any of the imperfections in the instructions complained about by defendant.

The judgment is affirmed.

---

[2] ORS 17.250. "The jury, subject to the control of the court, in the cases specified by statute, are the judges of the effect or value of evidence addressed to them, except when it is thereby declared to be conclusive. They are, however, to be instructed by the court on all proper occasions:

"* * * * *

"(2) That they are not bound to find in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number, or against a presumption or other evidence satisfying their minds;