## Clarence Fitzsimmons, Appellee, v. Perry Snyder, Appellant.

1. AUTOMOBILES—*highways.* Sections 10 and 16 of the Motor Vehicle Law of 1911 relating to the movements of automobiles on a public highway contemplate the public use of every public highway for any lawful purpose.

2. NEGLIGENCE—*where domestic animals are driven upon highway.* It is not negligence *per se* for the owner of domestic animals to drive them unhaltered upon the public highway.

3. AUTOMOBILES—*statutory provisions.* Sections 10 and 16 of the Motor Vehicle Law of 1911, relating to the movements of automobiles on a public highway, do not require that all domestic animals taken upon the public highway shall be ridden, driven in harness or led with halters, but a drover with domestic animals has a right upon the public highway and anyone operating an automobile should have proper regard for such traffic.

4. AUTOMOBILES—*frightening loose horses.* Where defendant drives an automobile through a narrow lane where plaintiff is driving a number of loose young horses and fails to slacken his speed though plaintiff waved for him to stop and the horses are frightened so that one runs into a wire fence and is killed, defendant is guilty of negligence and it is immaterial whether he saw plaintiff's signals or the horses, since by the exercise of reasonable care he might have seen.

Appeal from the Circuit Court of Vermilion county; the HON. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 18, 1913.

REARICK & MEEKS, for appellant.

HOLMES, MILEMORE & LEVIN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case brought by appellee against appellant to recover the value of a horse alleged to have been injured by reason of the negligent manner of driving an automobile by appellant in the public highway, which injury resulted in the death of the horse.

The declaration is based upon the provisions of sections 10 and 16 of the Motor Vehicle Law of 1911, and consists of three counts, and, in substance, charges that appellant drove his automobile without using reasonable care and precaution to avoid frightening the horses of appellee; and without stopping or turning to one side and drove his machine among the said horses upon the public highway at a speed of thirty miles an hour, thereby frightening said horses and endangering the life and limbs of said horses, and thereby caused the injury complained of.

Appellant pleaded the general issue, and the cause was heard by the court and a jury, resulting in a judgment in the sum of $125 in favor of appellee, from which judgment this appeal has brought the record before us.

The preponderance of the evidence in this record shows that on the 13th day of August, 1911, appellee, his father and two brothers, were driving five head of loose young horses north upon a public highway in Jamaica township, Vermilion county, and while passing through a lane with a hedge upon the east side and wire fence upon the west side thereof, appellant drove his automobile into the highway, coming south, about eighty rods distant, running at a speed of from 18 to 20 miles per hour, and when he reached a point about one hundred yards from the horses, appellee and his father called to appellant and waved to him to stop; that appellant failed to stop or slacken his speed, but speeded on, frightening the horses, crowding them to

the right and left, and causing one of them to jump through a wire fence whereby it became so lacerated and injured that it died from the effect thereof.

The parts of the statute involved in this case are paragraphs 269j. and 269p. of chapter 121 (Hurd's Rev. Stat. 1911) and, so far as applicable, are as follows: 269j. "No person shall drive a motor vehicle on any public highway at a speed greater than is reasonable and proper, having regard to the traffic and the use of the way, or so as to endanger the life or limb or injure the property of any person." 269p. "Upon approaching a person walking along or upon a public highway, or a horse or horses, or other draft or domestic animal or animals, being ridden, led or driven thereon, the operator of a motor vehicle or motor bicycle, shall give reasonable warning of his approach, and use every reasonable precaution to avoid injuring such person, or frightening or injuring such horse, horses, or other draft or domestic animal or animals, and, if necessary, stop his said motor vehicle or motor bicycle until he can safely proceed."

From a careful consideration of these sections it will be seen that the law relating to the movements of automobiles on a public highway, has regard to the traffic or use ordinarily made of such public highway. A drover with cattle or horses, mules, sheep, or any other domestic animals, has a right upon the public highway, and any one operating an automobile over the same public highway should have proper regard for such traffic. This law contemplates the public use of every public highway for any lawful purpose.

Our road law, however, has restricted the drivers or riders of horses to reasonable speed, so as not to endanger the life, limb or property of any one who may be upon said public highway. The sections above referred to are intended to impose the same reasonable restrictions upon one who drives an automobile or other motor vehicle upon the highways of the state.

To our minds the restrictions are not only reasonable, but they are necessary to the public welfare and the proper use of the public highways.

We cannot agree with the contention of appellant that the statute under consideration required that all domestic animals taken upon the public highways should be ridden, driven in harness or led with halters, or in some manner be restrained. Neither can we agree with appellant that it is negligence *per se* for the owner of a domestic animal to drive the same unhaltered upon the public highway. The provisions of the sections herein quoted and other provisions of the road law, contemplate the safe and secure passage of domestic animals and automobiles upon the public highways, and in order to secure that result, have imposed limitations as to speed, etc.

From the facts above stated in this case, had the appellant observed the limitations intended to be enforced against him, the accident would not have occurred, and no liability would have resulted. It was negligence upon the part of appellant to drive through the herd of horses, when confined in a lane, at a speed of from 18 to 20 miles an hour. It was negligence, and a violation of law, for appellant to fail to stop when he saw the action of his machine and the speed at which he was running, was likely to endanger the property in question.

Whether appellant did see the herd of young horses, or whether he did see the signals or hear the calls of the drivers of the animals, may be a question, but that he might have seen and might have heard, by the exercise of reasonable care, cannot be doubted.

Appellant urges as a further reason for reversal of the judgment, that the trial court erred in his rulings upon the instructions.

We have carefully examined the instructions as to which complaint is made, and we find no error of reversible character therein.

For the reasons given, we are constrained to affirm the judgment.

The judgment appealed from is, therefore, affirmed.

*Affirmed.*