Argued October 31, affirmed November 14, petition for rehearing
denied December 5, 1951

## LA GRANDE AIR SERVICE *v.* TYLER ET AL.

237 P. 2d 503

*George H. Miller,* of La Grande, argued the cause
and filed briefs for appellants.

*S. H. Burleigh,* of La Grande, argued the cause for respondent.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE, WARNER and TOOZE, Justices.

WARNER, J.

This is an action for damages arising from an alleged breach of contract. From a judgment in favor of the plaintiff La Grande Air Service, a corporation, in the amount of $2500, the defendants K. W. Tyler and Tyler Flight Service, a corporation, appeal.

■ Plaintiff moved to strike appellants' bill of exceptions from the record for the reason that the same had not been tendered within 60 days after the entry of the judgment, as provided by § 5-703, OCLA. It appearing to this court that the judgment had been entered on the 16th day of January, 1951, that no further time had been granted by the lower court in which to tender the bill, and that the same was not tendered until the 26th day of March, 1951, we entered an order striking defendants' bill of exceptions from the record in this appeal.

■ ■ A proper bill of exceptions is essential if a party appealing desires a review of rulings on evidence or a motion for a nonsuit or a directed verdict, as appellants' brief indicates they would like to have us do in this matter. *Williams v. Ragan,* 174 Or. 328, 333, 143 P. 2d 209. In the absence of such a bill and transcript, the only questions that can be considered on appeal are the sufficiency of the pleadings, the findings of the trial court and whether the pleadings or pleadings and findings support the judgment. *Harper v. Wilson,* 185 Or. 23, 25, 200 P. 2d 600; *Tellkamp v. McIlvaine,*

184 Or. 474, 481, 199 P. 2d 246; *The Alpha Corp. v. Multnomah County,* 182 Or. 671, 189 P. 2d 988; *Hall v. Pettibone,* 182 Or. 334, 339, 187 P. 2d 166; *Wallowa Law, Land & Abstract Co. v. McGaffee,* 160 Or. 298, 299, 84 P. 2d 1116; *Dennis v. City of McMinnville,* 128 Or. 101, 269 P. 221. At the time of oral argument, counsel for the defendants disclaimed any desire to challenge the sufficiency of plaintiff's pleadings.

■ Under this state of the record, we have no alternative except to affirm the judgment below.