Submitted September 11, affirmed October 7, 1959

# SHERMAN *v.* BANKUS ET AL

344 P. 2d 771

Arthur E. Sherman, Jr., Spokane, Washington, filed a brief in propria persona.

Cake, Jaureguy, Hardy & Buttler, Portland, filed a brief for respondent.

McALLISTER, C. J.

The plaintiff, Arthur Eber Sherman, Jr., brought this action at law to recover from the defendant Elmer Bankus damages in the sum of $1,000, allegedly resulting from the breach by defendant of his agreement to have plaintiff survey certain premises in Brookings and to pay plaintiff the reasonable value of said services. The court tried the case without a jury and entered judgment for defendant. Plaintiff appeals.

The plaintiff assigns as error (1) the refusal of the court to settle the bill of exceptions tendered by plaintiff; (2) the denial of plaintiff's motion for new trial; (3) the sustaining of an objection to the introduction in evidence of certain exhibits; and (4) the sustaining of an objection to the introduction in evidence of a certain letter.

■ The refusal of the court to settle the bill of exceptions tendered by plaintiff cannot be assigned as error on appeal. Mandamus is the proper remedy to compel a circuit judge to settle the bill of exceptions. *Ah Lep v. Gong Choy*, 13 Or 205, 9 P 483; *Che Gong v. Stearns*, 16 Or 219, 17 P 871; *McElvain v. Bradshaw*, 30 Or 569, 48 P 424; *National Council v. McGinn*, 70 Or 457, 138 P 493; *Kubik v. Davis*, 76 Or 501, 147 P 522; *State v. Stapleton*, 139 Or 402, 10 P2d 600. Although it is not a part of the record in this case, we take notice that on November 1, 1957, plaintiff filed in this court a petition for a writ of mandamus to compel the circuit

judge who tried this case to settle the bill of exceptions. On November 13, 1957, this court denied the petition without opinion.

■ The petition disclosed, as does the record in this case, that the bill of exceptions was not tendered within the time specified by statute. ORS 19.100 (1) provides that a bill of exceptions must be tendered within 60 days after the entry of the judgment or within such further time as may be granted by the court. This court has repeatedly held that the circuit court has no power to settle a bill of exceptions not tendered within the time specified by the statute. *Williams v. Ragan*, 174 Or 328, 143 P2d 209; *La Grande Air Service v. Tyler et al.*, 193 Or 329, 237 P2d 503; *Fields v. Fields*, 213 Or 522; 307 P2d 528; 326 P2d 451. A bill of exceptions settled after the time allowed by statute may be stricken from the record. See *La Grande Air Service v. Tyler et al.*, supra.

The judgment in this case was entered on May 8, 1957. No extension of time within which to tender the bill of exceptions was granted and the bill was not tendered until July 15, 1957. The court by order dated July 30, 1957 refused to settle the bill of exceptions.

■ In his brief plaintiff repeats an argument previously made in support of his petition for writ of mandamus. He contends that the judgment entered on May 8, 1957 was void because no findings of fact were entered and that consequently, his bill of exceptions was tendered in time. Assuming that no findings were entered, the judgment was not void but only voidable. See *Glickman v. Solomon*, 140 Or 358, 12 P2d 1017; *State ex rel. v. Bassett*, 166 Or 628, 642, 113 P2d 432, 114 P2d 546; *Farris et al. v. Pendleton et ux.*, 204 Or 530, 535, 281 P2d 972, 284 P2d 362; and *Tully v. Tully*,

213 Or 124, 322 P2d 1085. Since plaintiff's brief contains no assignment of error based on any alleged failure of the trial court to make findings of fact, we are not called on to decide whether sufficient findings were entered. Our rules provide that in appeals in actions at law no alleged error of the circuit court will be considered by this court unless regularly assigned as error in appellant's opening brief. See Rule 50, Rules of the Supreme Court.

■ Plaintiff's second assignment of error is based on the denial of his motion for new trial. The motion for new trial specified only alleged errors committed during the trial and known to plaintiff at the time. Under such circumstances, the denial of the motion for new trial cannot be assigned as error on appeal and presents no question for consideration in this court. *Benson v. Birch,* 139 Or 459, 10 P2d 1050; *State ex rel. v. Bassett,* 166 Or 528, 113 P2d 432, 114 P2d 546; *Sullivan et al. v. Carpenter,* 184 Or 485, 199 P2d 655; *Shearer v. Lantz,* 210 Or 632, 310 P2d 581; and *Klemgard v. Wade Seed Co.,* 217 Or 409, 342 P2d 757.

■ Since there is no bill of exceptions we are unable to consider plaintiff's third and fourth assignments of error, both of which challenge rulings on admissibility of evidence. See *St. Clair v. Jelinek et ux.,* 187 Or 151, 210 P2d 563; *La Grande Air Service v. Tyler et al.,* supra; *Nicholson v. Jones,* 194 Or 406, 242 P2d 582; *Sheridan v. Pac. Tel. and Tel. Co.,* 200 Or 636, 267 P2d 1104; and *Flaherty v. Bookhultz et al.,* 207 Or 462, 291 P2d 221, 297 P2d 856.

The judgment is affirmed.