Submitted November 10, affirmed November 30, 1960

# WILLS *v.* PETROS ET AL
357 P. 2d 394

Edwin J. Welsh, Portland, for appellant.

Cleveland C. Cory, Don H. Marmaduke and Hart, Rockwood, Davies, Biggs & Strayer, Portland, for respondents.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

## WARNER, J.

This is an action by the plaintiff, Katherine Wills, against the defendants, Petros and Petrou, for damages claimed as injuries received as result of a collision between an automobile in which she was riding and one owned by defendant Petrou. From a judgment after trial by jury in favor of defendants, plaintiff appeals.

The automobile in which plaintiff was a passenger was owned and operated by her daughter, Barbara Wills.

The defendants are brothers who reside together. James Petrou owned the Buick automobile which on the day of the collision was being driven by his brother, the defendant Panagiotis Petros (hereinafter called Petros), while on a family errand.

The mishap occurred in the intersection of Southwest 16th Avenue and Southwest Taylor Street in the city of Portland, about 5:00 p.m., December 20, 1958. The streets were very damp following a rain. Southwest 16th Avenue runs in a northerly and southerly direction and Taylor Street is a "one-way" street for vehicular traffic running westerly and easterly.

The Wills' car at the time was traveling west on Taylor in the left center lane when struck from the left by defendant's car then enroute north on Southwest 16th Avenue, a "two-way" street. According to Petros, his car was not exceeding a speed of 14 or 15 miles per hour. Barbara Wills claims that she was proceeding at a "normal speed." She entered the intersection from the right of the Petros Buick.

A building on the southeast corner of the intersection partially obscured the vision of the drivers until their vehicles neared the cross-walks of the streets upon which they were, respectively, traveling.

Miss Wills testified that she did not see the Petros Buick until her own car was entering the intersection and that the Buick was then about two car lengths south of the south line of the intersection. She then made an unsuccessful attempt to accelerate her speed to avoid the impending collision. Petros said he did not see the Wills car approaching or entering the intersection from his right until too late to apply his brakes.

The impact was violent. The Wills car was knocked sideways in a northwesterly direction and over the westerly curb line of Southwest 16th Avenue and a short distance north of the intersection's northwesterly corner.

An investigating police officer established the point of impact as 23 feet west of the east curb line of

16th Avenue and 10 feet north of the south curb line of Taylor Street.

The impact sprung open the right-hand door of the Wills car, throwing plaintiff from the car to the pavement and causing the injuries she sustained.

Subsequent to the entry of judgment plaintiff moved for a new trial. This was denied. In her motion plaintiff relied upon most of the errors hereinafter alleged.

Plaintiff assigns five errors. The first one relates to the failure of the court to give her requested instruction 14:

"You are instructed that sole proximate cause means the only proximate cause, and therefore if you find any negligence on the part of the defendants contributed in the slightest degree to the proximate cause of the collision, then the negligence, if any, of Barbara Wills, could not be the sole proximate cause, and the instructions I have given you regarding concurring negligence would apply to this case, and if the negligence of the defendants concurred with the negligence of Barbara Wills to proximately cause the collision and the injuries to the plaintiff, then you must find for the plaintiff and against the defendants."

■ It is plaintiff's contention that the instruction given emphasized the defendants' theory of the case to the exclusion of that of plaintiff. We cannot agree.

■ The right of a litigant to have his theory of the case presented to the jury is unquestioned, but it is not error for the trial court to refuse to give a requested instruction even though the refused instruction constitutes an accurate statement of the law when the substance of the instruction given can be found in any other instructions given. *Robbins v. Irwin*, 180 Or 667,

681, 178 P2d 935 (1947); *Hogan v. Mason Motor Co.*, 133 Or 14, 17, 288 P 200 (1930); *Riley v. Good*, 142 Or 155, 161, 18 P2d 222 (1933).

We find that after the court's instructions on usual and preliminary matters it carefully and comprehensively instructed the jury on all issues raised by the pleadings, including a definition of "proximate cause," to which plaintiff took no exception.

The court concluded its instruction on liability as follows:

"Now in connection with this question of negligence, you are instructed that Barbara Wills, the driver of the automobile in which plaintiff was a passenger, was also under a duty to operate her car at a reasonable rate of speed and to maintain a proper lookout and to keep her automobile under proper control, as I have defined those terms for you, and therefore if you should find from the evidence in this case that Barbara Wills, the driver of the automobile in which the plaintiff was a passenger, was negligent and that such negligence on her part was the sole proximate cause of the accident, then plaintiff can not recover and your verdict should be for the defendants. In other words, if you should find from the evidence in this case that Barbara Wills was solely and entirely at fault for the happening of this accident the plaintiff is not entitled to prevail and recover from the defendants. However, if you should find from the evidence in this case that the defendant Panagiotis Petros was negligent in one or more of the particulars as set forth in plaintiff's complaint and that such negligence, if any, concurred or combined jointly with the negligence of Barbara Wills, if any, as the proximate cause of the accident, you should return your verdict in favor of the plaintiff, providing she sustained injuries and damages as a proximate result thereof, because the negligence, if any, of Barbara Wills, the driver of the automobile in which

plaintiff was a passenger, can not be imputed or charged against this plaintiff."

■ Plaintiff also represents that the court erred in failing to give cautionary instruction warning the jury against consideration of comparative negligence as between Barbara Wills and defendant Petros. This plaintiff is in no position to so urge. She did not request such an instruction and, therefore, cannot now assert its absence as error.

We find no merit in plaintiff's first assignment.

For her second assignment plaintiff asserts that the evidence was insufficient to justify a verdict.

Plaintiff failed to move for a directed verdict and here apparently proceeds on the theory that defendants' testimony was contrary to established physical facts and, therefore, should have been rejected as a matter of law and had this been done it would have left no substantial evidence to support the jury's verdict. We will later give specific attention to the matter of claimed "physical facts" in our consideration of plaintiff's fourth assignment.

■ Not only did plaintiff fail to move for a directed verdict, but she likewise failed to request the trial court to instruct the jury to find in her favor because of the alleged failure of defendants' evidence. She is, therefore, in no position to urge here that the evidence was not sufficient to support the verdict returned.

■ In the following statement excised from her brief plaintiff disclosed consciousness of the vulnerability of her position by reason of her failure to move for a directed verdict or take exception to instructions given:

"The failure of the plaintiff to object expressly and of record to the misleading instruction, and the failure to request the giving of the cautionary in-

struction do not constitute a waiver of rights thereunder. Were this an appeal from the judgment, the plaintiff would be bound by the status of the record. But the trial court in the consideration of a motion for a new trial is not bound by the formal status of the record. It may and should consider any and all errors and irregularities called to its attention, whether proper objection or request was made or not. On this appeal from the denial of the motion for a new trial, the appellate court must consider all of such errors and irregularities called to the attention of the court. It is submitted that the failure to grant a new trial upon the motion by the plaintiff was a manifest abuse of discretion on the part of the trial court, and that this cause should be remanded for a new trial."

Thus, plaintiff exhibits a misconception of the law as revealed in *State v. Langley*, 214 Or 445, 315 P2d 560, 323 P2d 301 (1958), cert den 358 US 826, 3 L ed2d 66, 79 S Ct 45. Mr. Justice Lusk, following the long-established rule, said at p 476:

"* * * the denial of the motion presents no question for this court's consideration. While the trial judge has a certain discretion, which will not be disturbed on appeal except for its abuse, to grant a new trial, even in the absence of an objection or exception, for irregularities in the proceedings which deprive a party of a fair trial (*Hays v. Herman*, 213 Or 140, 322 P2d 119; *State v. Bosch*, 139 Or 150, 154, 7 P2d 554; *Veazie v. Columbia Etc. R. R. Co.*, 111 Or 1, 224 P 1094), yet the rule is that when a party having knowledge of an error or an irregularity during the trial fails to call it to the attention of the court and remains silent, speculating on the result, he is deemed to have waived the error, and the denial of a motion for a new trial based upon that ground presents no reviewable question. *Schafer v. Fraser*, 206 Or 446, 489-490, 290 P2d 190, 294 P2d 609; *State v. Foot You*, 24 Or 61, 68, 32 P 1031, 33 P 537.

"The only exception to this rule which this court has ever made is where the record discloses manifest error that injuriously affected a party's right to a fair trial. See *State v. Nodine*, 198 Or 679, 686, 259 P2d 1056. * * *"

See, also *Timmins v. Hale*, 122 Or 24, 32, 256 P 770 (1927); *Shearer v. Lantz*, 210 Or 632, 633, 312 P2d 581 (1957).

We hold that the second assignment is without merit.

Plaintiff's third assignment relates to the court's failure to give plaintiff's requested instructions 12 and 13.

The tenor of both are substantially the same and if given would have authorized the jury to determine whether the driver Barbara Wills was confronted with sudden emergency not arising from her own negligence and if it found that she was so confronted that "all she must do is to exercise that degree of judgment and care which an ordinary, prudent person would have exercised under the same conditions."

We pass the question as to the sufficiency of the content of the tendered instructions and confine ourselves to whether the court erred in failing to instruct on the subject of emergency.

■ Instructions respecting a sudden emergency are given only in those cases where it is applicable under the particular circumstances of the case. *Prauss v. Adamski*, 195 Or 1, 21, 244 P2d 598 (1952); *Layne v. Portland Traction Co.*, 212 Or 658, 675, 319 P2d 884, 321 P2d 312 (1957).

This court has consistently held that the judge who presides over the trial is in a better position to determine in the exercise of his sound discretion whether a charge applicable to all conditions should be supple-

mented by an instruction specifically applicable to some suggested phase of the situation. *Kiddle v. Schnitzer*, 167 Or 316, 325, 327, 114 P2d 109, 117 P2d 983 (1941); *Barnes v. Davidson*, 190 Or 508, 521, 226 P2d 289 (1951). There are instances where refusal to give a specific instruction on the emergency rule would constitute reversible error, but we do not find this case in that posture.

Plaintiff claims that the requested instructions would have pointed up to the jury the theory of plaintiff's case; that is that the acts of Miss Wills in her attempt to accelerate instead of stopping her car were in response to being confronted with a sudden emergency. But from our examination of the record we are satisfied that the collision would have occurred even if ordinary prudence had dictated that Miss Wills should have applied her brakes instead of accelerating the movement of the car as she did.

The plaintiff had no recollection of what occurred immediately before the accident. It is from Barbara Wills that we garner these details. She tells us: "I was in direct line of his [Petros] proceeding north and so I accelerated to avoid him." At the time she saw defendant he "was about two car lengths from the intersection" and her car within the intersection. The photographs in evidence show that the Wills coupe received its strongest impact on the left side door near its rear part. But her effort to accelerate was insufficient to avoid the crash. She did not attempt to brake her car's movement at any time after seeing the Petros car.

■ The trial court gave a correct definition of "negligence," fully applicable to conduct to be pursued under both normal and emergency situations. Even if we were persuaded that a condition of "sudden emer-

gency" was present, we feel that under the circumstances projected by the record the court did not abuse its discretion in failing to supplement its instruction on "negligence" with a further supplementary instruction on "sudden emergency."

As said by Mr. Justice Rossman in *Barnes v. Davidson,* supra (190 Or at 521), we also say as equally pertinent here:

"* * * In behalf of the requested instruction, the defendants claim that it states the law governing action taken in an emergency. Instructions which were given fully delineated to the jury the rules which exact of all drivers due care and compliance with all traffic regulations. They must have made the jury realize that, although the demand for due care is omnipresent, its exaction of the individual is dependent upon the difficulties which faced him when he was required to act. Thus, the instructions were applicable, not only to conduct pursued under normal conditions, but also to emergency action. * * *"

We find that the trial court did not abuse its discretion in failing to give plaintiff's requested instructions 12 and 13.

The fourth assignment of error urged upon us by plaintiff is addressed to the court's failure to give her requested instruction 6 with reference to the physical facts rule and reading:

"You are further instructed that if you find the testimony of any one or more of the witnesses who testified in this case to be in conflict with the physical facts pertaining to this accident, you should disregard such conflicting testimony of the witnesses and make your findings according to the physical facts as you find them to be. By 'physical facts,' as applied to this case, the law means the actual physical conditions and circumstances per-

taining to the highway and the position of the vehicles at the time of the accident and immediately afterwards."

It is plaintiff's theory that plaintiff's allegation as to defendants' acts of negligence; that is, excessive speed, failure to keep car under control, and failure to maintain proper or any lookout, are all established "physical facts" which preclude oral evidence of witnesses when the tenor of their testimony is contrary to common experience or where it is impossible that oral testimony in contradiction can be true.

■ A verdict or finding cannot be based on evidence which is opposed to uncontrovertible physical facts. *Van Zandt v. Goodman*, 181 Or 80, 93, 179 P2d 724 (1947); *Cameron v. Goree*, 182 Or 581, 599, 189 P2d 596 (1948). The trial court may reject verbal testimony when contrary to common experience or impossible to be true. However, under some circumstances, and especially when no motion is made for such exclusion, it is not improper for the court to submit the matter to the jury. *Oregon Motor Stages v. Portland Traction Co.*, 198 Or 16, 21, 255 P2d 558 (1953); 20 Am Jur 1035, Evidence § 1184.

■ But the "physical facts rule" cannot come into play with respect to the position, speed, etc., of movable objects if the facts relative to position, speed, etc., must be established by oral evidence or where it is necessary to make estimates or measurements, or to start with an assumption of the existence of a fact. *Van Zandt v. Goodman*, supra (181 Or at 95); *Hopfer v. Staudt*, 207 Or 487, 492, 298 P2d 186 (1956); *Hecht v. James*, 218 Or 463, 467, 345 P2d 243 (1959).

In *Van Zandt*, supra, at 95, we quoted with approval the following statement of Mr. Justice Rosenberry as

made in *Gilmore v. Orchard*, 177 Wis 149, 151, 187 NW
1005:

> "Some statements made by the plaintiff in his
> testimony are inconsistent with the facts as found
> by the jury, but the statements made by the plain-
> tiff are not physical facts. They are statements
> made by him of the facts as they appeared to him,
> and it may well be that the shock of the accident
> left his mind confused as to his exact position or as
> to the exact sequence of events immediately pre-
> ceding the collision."

■ The instant plaintiff, primarily through the
testimony of her daughter, finds herself precisely in
the position of the plaintiff in the above-mentioned
Wisconsin case with reference to the subjects of proper
lookout and control and excessive speed. The situation
of the two cars after the accident and the damage to
the two automobiles were physical facts to which no
oral contradictory evidence was offered, but the testi-
mony relating to the point of impact was based solely
on the testimony of police officer Hartford. His was
an estimate predicated upon the location of certain
debris in the street. We find no error under the fourth
assignment.

Plaintiff's fifth and last assignment rests on the
court's alleged refusal to grant plaintiff's motion for
a new trial.

■ It has been repeatedly held by this court that a
denial of a motion for a new trial based upon alleged
errors committed on the trial, of which the appellant
had knowledge at the time, may not be assigned as
error on appeal. *Benson v. Birch*, 139 Or 459, 466-467,
10 P2d 1050 (1932); *Shearer v. Lantz*, supra (210 Or
at 633); *Sherman v. Bankus*, 218 Or 271, 274, 344 P2d
771 (1959).

The judgment is affirmed.