Argued February 9, reversed and remanded July 31, 1962

# CLARIZO *v.* SPADA DISTRIBUTING CO., INC.

373 P. 2d 689

*Dirk D. Snel,* Portland, argued the cause for appellant. With him on the brief was Howard I. Bobbitt, Portland.

No appearance for respondent.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

McALLISTER, C. J.

The plaintiff, Vito Clarizo, brought this action to recover from the defendant, Spada Distributing Co., Inc., damages on account of the alleged breach of an implied warranty of quality of three carloads of vegetables purchased by plaintiff from defendant.

The plaintiff is a produce dealer in Seattle, and the defendant is engaged in the same business with its office in Portland. In the fall of 1958 the plaintiff purchased from the defendant two carloads of onions and a carload of potatoes. The plaintiff alleged that the vegetables in each carload were in part unmerchantable and that he was damaged thereby. The defendant filed a general denial and a counterclaim for the unpaid portion of the purchase price. The jury found for the plaintiff in the sum of $807.73, and from the judgment based on said verdict defendant has appealed.

At the outset it is necessary to consider certain aggravating defects in appellant's brief—aggravating because they have caused this court to waste much valuable time in determining their consequences, and because they could have been avoided with slight care. They are typified by Assignment of Error No. 1, which reads as follows:

"Assignment of Error No. 1

"The Court erred in denying defendant's motion notwithstanding the verdict and defendant's motion for a new trial.

"Paragraph B of the motion for judgment notwithstanding the verdict and Paragraph I (1) of

the motion for new trial were based on the grounds that defendant's motion for involuntary non-suit, presented at the close of plaintiff's case-in-chief, should have been granted:

" 'MR. BOBBITT: I would like to move in behalf of the defendant for an involuntary nonsuit at the present time on the count we have and for the following reasons that on the first count or the first agreement on the No. 1 onions, they were purchased f.o.b. at Brooks. They were delivered to Brooks at that time and therefore they took title to them at that time. Anything subsequent to that time as far as the condition of the onions were the responsibility of the buyers. It's their particular, well, let's say it's their property. If it deteriorates that's their particular problem.

" 'Second point in that there has never been any indication of a notice of breach of warranty or claim for damages on that particular point; now, he apparently is trying to raise the question of breach of warranty and under our Oregon law—

" 'THE COURT: (Interposing) Notice under the Statute, notice that has to be given. I know what you mean.

" 'MR. BOBBITT: And in addition to that, the notice has to be not merely that they are defective but that there is going to be a claim made.

" 'THE COURT: I am familiar with that.
\*   \*   \*   \*   \*' "

In the first paragraph of the foregoing assignment the appellant contends that the court erred (1) in denying his motion for a judgment notwithstanding the verdict, and (2) in denying his motion for a new trial. An examination of the second paragraph of the assignment discloses that the appellant is in reality complaining because the court denied his motion for nonsuit, which is thereafter set out *haec verba*.

■ If a motion for judgment notwithstanding the verdict is based on the ground that a motion for a directed verdict should have been granted, it is permissible to assign as error the denial of the motion for judgment *n.o.v.* Rules of Procedure, Appendix B, Illustration 3. However, nothing is gained thereby and the better practice is to eschew the circuitous approach and to state the basic issue directly by assigning as error the denial of the motion for a directed verdict. In either case the motion for a directed verdict must be set out *haec verba* "so that we may be enabled by a reading of the brief to determine whether the points argued here were presented to the trial judge as grounds of such motion." *McCormick v. Williams, Jr.,* 199 Or 66, 69, 255 P2d 1071.

■ However, the denial of a motion for a nonsuit is not a ground for judgment *n.o.v.*, and consequently there was no reason in this case for the assignment of error to refer to the motion for judgment *n.o.v.* In fact the motion for judgment *n.o.v.* was not based on any of the grounds specified in ORS 18.140 and deserved no consideration either in the court below or in this court.

■ There was also no reason in this case for the assignment of error to refer to the motion for a new trial. Ordinarily, the denial of a motion for a new trial may not be assigned as error. The most recent statement of the rule is contained in *Wills v. Petros,* 225 Or 122, 134, 357 P2d 394 (1960) as follows:

> "It has been repeatedly held by this court that a denial of a motion for a new trial based upon alleged errors committed on the trial, of which the appellant had knowledge at the time, may not be assigned as error on appeal. Benson v. Birch, 139 Or 459, 466-467, 10 P2d 1050 (1932); Shearer

v. Lantz, supra (210 Or at 633); Sherman v. Bankus, 218 Or 271, 274 P2d 771 (1959)."

Alleged errors occurring on the trial and known to the appellant at the time must be assigned as error directly without reference to the motion for new trial.

The limited circumstances under which the denial of a motion for a new trial may be assigned as error are set out in *Benson v. Birch,* 139 Or 459, 467, 10 P2d 1050 (1932), as follows:

> "* * * Where a motion for a new trial is based upon the misconduct of the jury which did not come to the knowledge of the party making the motion for a new trial until after the verdict had been returned, or where there has been newly discovered evidence which was not known at the time of the trial and the matter has been presented to the trial court by a motion for a new trial, in proper cases where the overruling of the motion was an abuse of discretion, this court has always reserved the right to consider and pass upon such ruling upon appeal. * * *"

Although defendant's Assignment of Error No. 1 has been prepared in violation of the letter of our rules, there is evident an attempt to comply with the spirit thereof. Our Rule 19① provides that the arrangement and wording of assignments of error shall conform to the illustrations in Appendix B. Turning to the appendix we find that one who wishes to assign

---

① "Rule 19. "Appellant's Brief—Assignments of Error in

Actions at Law

"Each assignment of error shall be clearly and succinctly stated under separate and appropriate headings. Where several assignments of error present essentially the same legal question, they shall be combined so far as practicable.

"The arrangement and wording, so far as applicable, together with reference to page of the transcript or narrative statement, shall conform to illustrations in Appendix B."

as error the denial of a motion for nonsuit should do so as follows:

"Illustration 2

"The court erred in denying (sustaining) the motion for nonsuit or directed verdict: Set out motion haec verba, * * *"

The critical requirement is that the motion for nonsuit be set out *haec verba*.

■■ The mistake made by appellant was to approach his subject by a circuitous route instead of by stating simply that the court erred in denying the defendant's motion for a nonsuit. However, the essential requirement of the rule—that the motion for a nonsuit be set out in full—has been complied with. Since the appellant has complied with the spirit of our rule we have concluded that he should not be penalized because the introductory portion of the assignment contains an unnecessary reference to the motion for a new trial and the motion for judgment *n.o.v.*[2]

Since all the assignments of error are set out in similar fashion, we have considered them all on their merits.

In the case at bar plaintiff accepted the goods and the case turns on whether there was evidence from which the jury could find that plaintiff within a reasonable time gave notice to defendant of the alleged breach of warranty. ORS 75.490[3] provides that

[2] We also wish to point out that without exception there is no right of appeal from the denial of a motion for a new trial. ORS 19.010. In every case the appeal must be taken from the judgment as distinguished from the order denying a motion for new trial. The appeal in the case at bar was taken properly from the judgment.

[3] ORS 75.490 "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not dis-

in the absence of such notice "the seller shall not be liable" for such breach.

This court held in *Maxwell Co. v. So. Ore. Gas Corp.*, 158 Or 168, 175, 74 P2d 594, 75 P2d 9, 114 ALR 697 (1938) that "the requirement of notice, to be given by the vendee charging breach of warranty, is imposed as a condition precedent to the right to recover, and the giving of notice must be pleaded and proved by the party seeking to recover for such breach." Accord, *Israel v. Miller*, 214 Or 368, 375, 328 P2d 749 (1958).

Plaintiff did not plead, in either his original or amended complaint, that notice of the alleged breach of warranty was given to defendant. However, the trial court permitted plaintiff to cure this defect in his pleading by an amendment to conform to the proof, made by interlineation after both parties had rested. The allowance of that amendment is assigned as error, but for the reasons hereinafter set forth this assignment lacks merit.

■ At the close of plaintiff's case defendant moved for a nonsuit on the ground, among others, that plaintiff had failed to prove the giving of notice of breach of warranty as required by ORS 75.490. Since the defendant did not rest upon its motion for nonsuit we must consider all of the evidence, including that offered by defendant. The denial of the nonsuit by the trial court will not be reversed if the record as a whole contains sufficient evidence to take the case

charge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But if after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor."

to the jury. *Gum, Adm. v. Wooge,* 211 Or 149, 155, 315 P2d 119 (1957); *Johnson v. Underwood,* 102 Or 680, 688, 203 P 879 (1922); *Cornely v. Campbell,* 95 Or 345, 365, 186 P 563 (1920).

This court has construed ORS 75.490 to require that the buyer must notify the seller not only of the breach of warranty but also that he intends to claim damages for such breach. *Howard-Cooper Corp. v. Umpqua Co.,* 148 Or 582, 585, 36 P2d 590 (1934); *Western Feed Co. v. Heidloff,* 230 Or 324, 370 P2d 612. (March 28, 1962). Other courts have adopted a similar construction. *Whitfield v. Jessup,* 31 Cal2d 826, 193 P2d 1, 4 (1948); *Truslow & Fulle, Inc., v. Diamond Bottling Corp.,* 112 Conn 181, 187, 151 Atl 492, 71 ALR 1142 (1930); *Hazelton v. First Nat. Stores,* 88 NH 409, 190 A 280 (1937); *Henderson Tire & Rubber Co. v. P. K. Wilson & Son,* 235 NY 489, 139 NE 583, 586 (1923); *Ringstad v. I. Magnin & Co.,* 39 Wash 2d 923, 239 P2d 848 (1952); *Simonz v. Brockman,* 249 Wis 50, 23 NW2d 464 (1946); *Charles v. Judge & Dolph, Ltd.,* 263 F2d 864 (7th Cir 1959) [Ill. law]; *Texas Motor-coaches v. A. C. F. Motors Co.,* 154 F2d 91, 94-95 (3d Cir 1946) [Penna. law]; *American Mfg. Co. v. United States Shipping Board E. F. Corp.,* 7 F2d 565 (2d Cir 1925); Vold, Law of Sales, § 95 at 462; Annotation: 53 ALR2d 270, 277. A different interpretation is recommended for a similar provision in the Uniform Commercial Code.④

---

④ ORS 75.490 was an enactment of Section 49 of the Uniform Sales Act. The substance of that section has now been included in Section 2-607 of the Uniform Commercial Code, which in turn has been adopted in Oregon by the enactment of chapter 726, Oregon Laws 1961, effective September 1, 1963. Since the Uniform Commercial Code by its terms applies only to transactions entered

■ The record contains evidence that plaintiff complained to defendant of the quality of the vegetables shipped to him by the defendant. However, except as to one carload of onions, we find no evidence which can be construed to constitute notice to the defendant that plaintiff intended to claim damages for any breach of warranty in the sale of said vegetables. As to one carload of onions the plaintiff testified as follows:

"Q  What was the condition of this carload of onions?

"A  They was kind of damp, pretty damp, wet and off the grade. They was culls.

"Q  What did you do with those onions?

"A  We was going to sell them but he don't want to come to an agreement. He said, 'Take $230 off' and I said, 'No, still I don't want them.' I said, 'You can have them. I don't want no culls,' and finally he said, 'You got to take them.' I said, 'I don't want them.' They just lay there and I take them to the dump."

into after September 1, 1963, we see no reason to anticipate its effect on a case such as the one at bar. We note, however, that comment 4 under Section 2-607, recommends a different construction for that section than that given by this and a majority of the courts to Section 49 of the Uniform Sales Act. Comment 4 reads in part as follows:

"4.  *  *  *  *  *

"The content of the notification need merely be sufficient to let the seller know that the transaction is still troublesome and must be watched. There is no reason to require that the notification which saves the buyer's rights under this section must include a clear statement of all the objections that will be relied on by the buyer, as under the section covering statements of defects upon rejection (Section 2-605). Nor is there reason for requiring the notification to be a claim for damages or of any threatened litigation or other resort to a remedy. The notification which saves the buyer's rights under this Article need only be such as informs the seller that the transaction is claimed to involve a breach, and thus opens the way for normal settlement through negotiation."

Although it is a close question, we think that plaintiff's flat rejection of defendant's proposal to reduce the sale price was adequate warning that unless a more favorable offer was made by defendant, plaintiff would claim what he considered to be the full amount of damages for the breach. The intent to claim damages may be found in any language sufficient to apprise the seller of the buyer's purpose to seek damages arising out of the breach.

■ Since there was evidence to go to the jury as to a part of plaintiff's claim, the trial court properly denied the nonsuit.

■ At the close of the case defendant made separate motions to withdraw from consideration by the jury plaintiff's claim for damages as to each of the three carloads of vegetables on the ground that there was no proof of intention to claim damages as to any of said carloads. The denial of these motions is assigned as error. As we have pointed out, our examination of the record discloses a complete failure to prove the notice required by statute as to the car of potatoes and as to one of the carloads of onions. In view of this failure of proof we think the court erred in refusing to withdraw from consideration by the jury the claim for damages as to each of said two cars. Since the verdict was larger than the amount claimed for the one car as to which there was proof of proper notice, the judgment is erroneous.

■ Defendant's remaining assignment of error does not raise any issue that was raised in the trial court and deserves no consideration here.

The judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

SLOAN, J., dissenting.

There are four assignments of error made in this court but each one is directed at the refusal of the trial court to allow a motion for new trial and for a judgment *n.o.v.*

There is no right of appeal from the denial of a motion for new trial, ORS 19.010. *Macartney v. Shipherd,* 1911, 60 Or 133, 117 P 814; *White v. Geinger,* 1914, 70 Or 81, 139 P 572. This rule is subject to the exceptions stated in *Benson v. Birch,* 1932, 139 Or 459, 467, 10 P2d 1050, and in *Sherman v. Bankus et al,* 1959, 218 Or 271, 274, 344 P2d 771, none of which have any application to this case. It does not change the rule that the grounds stated in the motion were those urged during the trial.

The grounds stated by defendant's motion for judgment *n.o.v.* were not included within the statute which specifies the causes for which the motion may be allowed, ORS 18.140. Therefore, the court could not have allowed the motion.

This court, no less than a trial court, should decide a case on the record made and brought here. At most the court should only allow a new trial. The judgment should be affirmed.

WARNER, J., joins in this dissent.