Argued May 6, affirmed June 3, 1966

## TANNER *v.* FOWELLS
415 P. 2d 162

*William F. Schulte,* Portland, argued the cause for appellant. With him on the brief was Kneland C. Tanner, Portland.

*Edwin J. Peterson,* Portland, argued the cause for respondent. On the brief were Earle P. Skow, and Tooze, Powers, Kerr, Tooze & Peterson, all of Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and HAMMOND, Justices.

HAMMOND, J. (Pro Tempore).

This is an action brought for damages for wrongful death. The deceased, Louis Kurtz, was involved in an accident when the automobile he was driving was struck in an intersection by a vehicle driven by defendant. The court ultimately directed the jury that, as a matter of law, the defendant was negligent, and that such negligence was the proximate cause of the collision. However, the question of the existence of a substantial causal relationship between the collision and the death of the decedent was submitted to the jury for determination. The jury found for the defendant, and judgment was entered thereupon. Plaintiff, executor of the estate of the deceased, moved for a new trial which was denied by the court below, and plaintiff appeals.

The testimony during the trial established that the deceased, a man of sixty-three years, with a history of heart ailment, had been scheduled to undergo an operation to remove his gall bladder two days after the accident occurred. The operation proceeded, and the patient died in surgery. Plaintiff, in attempting to establish a credible causal link between the accident and the ultimate death of Kurtz, sought to show that immediately preceding the operation Kurtz was in an extremely emotional, nervous, apprehensive state as

a result of the accident, and that this condition was a substantial factor in bringing about the death.

To establish the emotional state of mind of the deceased, plaintiff relied on the testimony of Mr. K. C. Tanner. At the time such testimony was given there was still before the court the question of whether the defendant was negligent at the time of the accident. Plaintiff alleged that the signal light at the intersection was green for the deceased, and red for the defendant.

Mr. Tanner testified that he went to the hospital to see Kurtz. When asked, "what was his situation?", counsel for defendant objected to the form of the question and to the question itself as being self-serving, not in the presence of the defendant, and calling for a conclusion. The court overruled the objection, and in so doing advised the parties and the jury that following the giving of the expected testimony he would instruct the jury as to the effect and weight to be given to the testimony.

Thereafter, in response to questions, and over the objections of counsel for the defendant, Tanner testified:

> "\* \* \* I asked him why he was there, and he said he was going to be operated on in the morning, and he'd sent for me because, he said, 'I won't get through this operation. I can't even go through a green light, K. C.' He says, 'If I can't go through a green light, I can't go through an operation.' He was crying, tears were going down his cheeks, and I tried to calm him down, and I used —
> "\* \* \* \* \*

> "THE WITNESS: I made a very diligent effort to calm him and to explain to him that the gall bladder operation was not serious, that I had

personally had one. He says, 'Yes, but I can't go through a green light.' He says, 'I've got a jinx.'

"* * * * *

"A Oh, I was there for more than a half an hour or longer, explaining to him what he could expect, and to assure him that he was going to survive and wasn't going to die, and he insisted he was going to die, and he said, 'You're the only friend I've got, and I want you to take care of things. I'm not going to get through the operation because I can't go through a green light.'

"* * * * *

"A He repeated that numerous times, 'I can't go through a green light,' and he used the expression 'jinx,' he says, 'I've got a jinx. If you can't go through a green light, you can't go through an operation.' He repeated that many times, and then when I was unable to —."

Thereafter the court, in accordance with the previously stated intention, gave to the jury a cautionary instruction regarding the weight and effect to be given to the testimony above quoted. In so doing the court limited the jury's consideration of the evidence to the question of the feelings or bodily or mental condition of the deceased at the particular time the statements were made. No exception to the cautionary instructions to the jury was taken at any time by the plaintiff.

Plaintiff's first assignment of error is that the court erred in ruling upon the defendant's objection to the testimony of the witness Tanner. One ruling made by the court in this regard was that in which the court overruled defendant's objection, permitting Tanner to testify as shown above. This was not a ruling adverse to plaintiff. All other rulings made during the period encompassed by the assignment of error were rulings contained in the instructions given to the jury.

■ The law is clear in this state that "no instruction given to a jury in the circuit court shall be subject to review on appeal unless its error, if any, was pointed out to the judge who gave it and unless a notation of an exception was made in the circuit court. * * *" ORS 17.510. The word "instruction" as used in the statute is not limited to the charge to the jury, but applies to all directions given the jury as to their conduct in the course of the trial. *State of Oregon v. Anderson,* 207 Or 675, 298 P2d 195 (1956).

■ Since no exception was taken there is no merit to this assignment of error, and we therefore find it unnecessary to comment upon plaintiff's objection to the wording of the instruction.

■ The second assignment of error is the court's denial of plaintiff's motion for a new trial. The motion was based upon the same ruling and instructions which are the basis for appellant's first assignment of error. A denial of a motion for new trial grounded on the errors asserted by plaintiff presents nothing for consideration on appeal. *Clarizo v. Spada Distributing Co., Inc.,* 231 Or 516, 373 P2d 689 (1962) ; *Sherman v. Bankus et al,* 218 Or 271, 344 P2d 771 (1959) ; *Klemgard et al v. Wade Seed Co.,* 217 Or 409, 342 P2d 757 (1959).

Affirmed.