Argued February 4, affirmed March 31, petition for rehearing
denied April 27, 1971

ECCLES, *Appellant, v.* HOY, *Respondent.*

482 P2d 720

*James Arthur Powers*, Portland, argued the cause and filed briefs for appellant.

*Duane Vergeer*, Portland, argued the cause for respondent. On the brief were Vergeer, Samuels, Roehr & Sweek, and Frederic P. Roehr, Portland.

TONGUE, J.

This is an action to recover damages for personal injuries resulting from a head-on automobile accident on a three-lane highway. Each party contended that the other was in the wrong lane. Plaintiff appeals from a verdict and judgment in favor of defendant.

■ All of plaintiff's three assignments of error involve instructions to the jury. The first assignment is that the trial court erred in failing to instruct the jury that "a finding cannot be based upon evidence which is opposed to the physical facts." In support of this assignment plaintiff contends that:

> "When a head-on collision occurs and physical facts show that it occurred when defendant crossed into plaintiff's lane of travel, the incontrovertible rule is that the plaintiff has made a prima facie case of negligence against the defendant, and this cannot be overcome by mere oral testimony but can be overcome only by evidence so conclusive 'that no reasonable man could any longer engage in inferences'," citing *Gum, Adm. v. Wooge et al*, 211 Or 149, 159, 315 P2d 119 (1957), and *Van Zandt v. Goodman et al*, 181 Or 80, 94, 179 P2d 724 (1947).

In *Van Zandt*, however, this court stated, at p 95:

> "It is said that 'the physical facts rule cannot come into play with respect to the position, speed, etc. of movable objects, if the facts relative to speed, position, etc., must be established by oral

evidence' or 'where it is necessary to make estimates or measurements, or to start with an assumption of the existence of a fact.' "

In *Wills v. Petros et al*, 225 Or 122, 357 P2d 394 (1960), a case involving an automobile accident where the position of the cars in the intersection was important to the determination of the case and error was assigned for failure to give an instruction on the physical facts rule, this court also stated, at p 134:

> "The situation of the two cars after the accident and the damage to the two automobiles were physical facts to which no oral contradictory evidence was offered, but the testimony relating to the point of impact was based solely on the testimony of police officer Hartford. His was an estimate predicated upon the location of certain debris in the street. We find no error under [this] assignment."

Again, in *Rich v. Cooper*, 234 Or 300, 380 P2d 613 (1963), although not involving an automobile accident case, this court stated, at p 309:

> "* * * The incontrovertible physical facts instruction is appropriate only where the facts relied upon conflict irreconcilably with the testimony of the witness. * * *."

As we read the record, the physical facts of this case were not "incontrovertible" and did not "conflict irreconcilably" with all of the testimony.

The accident occurred on a three-lane highway between Portland and Lake Oswego. At the point of the accident there was a double yellow line separating the two southbound lanes from the single northbound lane. Plaintiff was driving south, while defendant was going north.

Plaintiff testified that he had been driving in

the "outside lane" of the three-lane highway at a speed of "maybe," or "approximately," 40 miles per hour and had then "swung out" into the "inside" lane and increased his speed to pass a car, when he met defendant's car "right there in front of me" in that lane of traffic.[1] He also testified that after the collision the two cars "didn't move anywhere" and that immediately following the accident both cars were located in that same lane of traffic.

To the same effect, the investigating officer testified that he "found two cars facing head on in the center lane," at "kind of an angle"; that he also found debris in that lane; that there were no skid marks; that he interviewed defendant in the hospital, and that defendant then said that after the accident the right rear wheel of his car was on the double yellow line. Photographs showed that the left front end of plaintiff's car was badly damaged.

Defendant testified, to the contrary, that at the time of the accident his car was in "his own lane of traffic" and that plaintiff had "attempted to pass two cars" and was traveling "beyond 55 miles an hour." Defendant also testified that he attempted to stop and was moving "very slow," at a rate of between five and seven miles an hour, at the time of the collision.

Defendant then testified as follows:

"Q   Did the cars collide head on, front to front?

"A   I wouldn't say so. They—as a matter of fact, his car hit mine at the left front headlight, see, and at a terrific rate of speed and drove me backwards, see, and into his lane, and he was headed toward his lane at the time and in my lane.

---

[1] At another point plaintiff testified that he was still going "approximately" 40 miles per hour when he passed the other car.

"Q His car drove your car backward into his lane?

"A Right.

"Q I thought you just said your car was in your own lane?

"A It was in my own lane at the point of impact, and why, he drove the front wheel of my car into his lane.

"Q Just the left front wheel?

"A The left front wheel.

"Q The rest of your car remained in your lane?

"A Yes."

and, later:

"Q Is it your testimony that the Eccles' car came from its lane as it was passing another vehicle across your lane and then headed back and pushed you back to where you were found afterwards?

"A Yes.

"Q Is that correct, sir?

"A Yes."

This court, on reading the record, may have some doubt as to the credibility of such testimony. That function, however, is the exclusive prerogative of the jury. Thus, since the jury was entitled to believe defendant's testimony, we cannot say, as a matter of law, that the "physical facts" relied upon by defendant "conflict irreconcilably with the testimony of the witnesses," as required under the rule as stated in *Rich v. Cooper*. Thus, under such a state of the record, it was not error to refuse to give plaintiff's requested instruction on "physical facts."[2]

---

[2] Plaintiff also complains on appeal that the trial court erred in the giving of an instruction upon "emergency," but took no exception to that instruction.

Plaintiff's second and third assignments of error relate to instructions on the duty imposed by statute upon drivers of motor vehicles to drive in their proper lanes of traffic. Thus, plaintiff assigns as error the failure of the court to give the following requested instruction, based upon ORS 483.304 (3):

"I instruct you that where this collision occurred, the highway is divided by a double yellow line, and traffic going in a generally southerly direction toward Oswego is required to drive in either lane on the westerly side of said *double yellow line.* Traffic traveling in a northerly direction toward Portland is required to drive on the easterly side of said double yellow line. If you find from the evidence that the defendant's vehicle was in *the wrong lane* of traffic at the time of the collision, then the defendant would be guilty of *negligence* as a matter of law." (Emphasis added)

Conversely, plaintiff assigns as error the giving of the following instruction:

"Members of the jury, it has been brought to my attention, and very properly so, I mentioned there are two statutes involved. I was going to read them to you, and I read you the basic rule, but I didn't read the one about the duty of drivers to drive on the right-hand side of the highway.

"As you recall, I told you that both parties are charging each other with failure to do so, and the law of the State of Oregon provides as follows in this respect: (Reading) *'Whenever any street or highway has been divided into clearly-marked lanes for traffic, drivers of vehicles shall obey the following regulations:'* The one pertaining to this lawsuit is this one (reading: *'A driver shall proceed only on the right-hand side of the divided section.'* " (Emphasis added)

Plaintiff excepted to that instruction as follows:

"* * * It's our contention that the instruction as

given by the Court in just reading the statute was insufficient to properly instruct the jury on the law because there was something in that statute about double dividing lines, and I'm not sure that that by itself made it clear that it was illegal for this man to drive over the double line in the center of the road.

"I didn't state that very well. But our position is contained in number 24." (As quoted above.)

■ Plaintiff contends on this appeal that the jury was given no instruction as to the law and duty of drivers on three-lane highways and no instruction that if the defendant was traveling in plaintiff's lane of travel, he would be negligent as a matter of law. It is also contended that the court should have instructed the jury on appropriate rules of the road under the evidence and pleadings in this case and that it was reversible error to instruct on a rule of law which had no application to the case.

After reading the entire record, however, we agree with defendant's contention that the jury was not confused or misled by the instructions as given by the court, with the result that, at the least, there was no prejudice to plaintiff.

As contended by defendant, the principal issue in this case was which car was on the wrong side of the road. The complaint and answer each charged that the other party was negligent in failing to drive on the right side of the roadway. Two police officers, a third independent witness, and both parties all agreed that the roadway at the scene of the accident consists of three paved lanes; two lanes for southbound traffic and one lane for northbound traffic with a double yellow divider line separating the southbound lanes from the northbound lane. Excellent photographs of

the three-lane highway at that point were also in evidence for consideration by the jury. There is no dispute on that subject and that issue was squarely presented to the jury from the start of the case. Each driver claimed that he was on his own side of the double yellow divider in the lane allocated for his direction of traffic and that the other was proceeding in the wrong lane. In addition, the trial judge, in his general instructions to the jury, referred several times to the issues raised by the pleadings, including the failure to "drive on the right side of the highway as the law provides," and statutory negligence arising from the "duty to drive on the righthand side of the highway." He also instructed the jury that the violation of such a statute is negligence per se.

Under these circumstances we believe that the jury was not confused by the instructions as given by the trial court and that it understood the issue to be decided by it.[9]

For these reasons the judgment of the trial court must be affirmed.

---

[9] Plaintiff also complains that "the court erred in giving a confusing and inappropriate instruction on * * * speed," and that this "intensified" these alleged errors. Again, no exception was taken to the instruction on speed and we do not agree that the jury was confused or prejudiced by the instructions excepted to because of the instruction on speed.