Argued June 5, affirmed June 20, 1974

HAMPTON, *Appellant, v.* TRUAX, *Respondent.*

523 P2d 562

*Harrison M. Weatherford,* Albany, argued the cause for appellant. With him on the briefs were Weatherford, Thompson, Horton & Jordan, P. C., Albany.

*James C. Goode,* Albany, argued the cause for respondent. With him on the brief were Goode, Goode, Decker & Hinson, Albany.

HOLMAN, J.

Plaintiff brought an action to recover damages for personal injuries allegedly suffered in an automobile accident. He appealed from a judgment for defendant which was entered pursuant to a jury verdict.

At the time of the accident plaintiff was stopped for a red light at an intersection. A second vehicle was also so stopped behind plaintiff. The defendant operated her vehicle into the rear of the second vehicle, pushing it into the rear of the one driven by plaintiff. Defendant had been grocery shopping and had placed a bag of groceries topped by a carton of eggs on the back seat. As she stopped behind the two previously mentioned vehicles, the bag of groceries commenced to fall. She reached for the bag to prevent it from falling and, in so doing, took her foot from the brake while her vehicle was in automatic drive. The car started forward while she was reaching for the groceries, and defendant, intending to step on the brake to stop the car, stepped on the accelerator instead, causing the accident.

■ Plantiff first contends the trial court erred in denying his motion to require defendant to disclose to him the limits of the liability of defendant's insurer. There is no contention by plaintiff that any offer of settlement had been made to him which would make such information relevant. He told the judge he wanted the information "* * * for the purpose of determining to tender a settlement within the limits of liability of the insured [sic]." Presumably, this information was

desired for the purpose of making an offer of settlement within defendant's coverage so that the insurance company would be in a vulnerable position as to any overage should the recovery against defendant be greater than her coverage and the insurer be found to have rejected the offer in bad faith. At least, plaintiff suggests no other reason for needing the information. As a result, the problem has been mooted by the return of a verdict in favor of defendant.

■ Plaintiff next contends the trial court erred in denying his motion for a directed verdict on the issue of negligence. The motion was as follows:

> "At this time the plaintiff would move for a directed verdict on the *issue of liability* on the basis there is no evidence to the contrary or from which a different result could be reached by the jury other than the defendant was responsible for the accident and the striking of the plaintiff through her car and through Mr. Strauss' vehicle which resulted in a physical contact with the plaintiff's car and his person." (Emphasis added.)

The court's response to the motion was as follows:

> "Well, I think there are two questions for the jury here; one, that was her act of reaching out negligence or not and putting her foot on the accelerator instead of the brake and under those circumstances then the next question is as to whether the injuries were produced by this accident so, the Court is going to overrule that motion * * *."

The plaintiff requested a directed verdict on the question of *liability,* not on the question of *negligence.* While plaintiff said he wanted a directed verdict on the question of liability, he talked about whether the defendant was responsible as a matter of law for the accident, which would indicate he might have been

talking about negligence rather than liability. However, when the court, in denying the motion, pointed out to plaintiff that both negligence and resulting injuries as a matter of law were required for a directed verdict, plaintiff did not clarify his motion or tell the court that he had misspoken and that what he really wanted was a directed verdict on the issue of defendant's negligence. Therefore, the record does not fairly raise the issue which plaintiff wishes to assert on appeal.

 Plaintiff alleged the following acts of negligence on the part of defendant:
1. Failure to keep a proper lookout;
2. Failure to keep her vehicle under control;
3. Accelerating her car without first seeing that it could be done with safety;
4. Failure to properly load the package of groceries in her vehicle;
5. Stepping on the accelerator instead of the brake; and
6. Driving at a speed greater than was reasonable and prudent.

The trial court submitted the case to the jury on the issues of (2) control and (5) stepping on the accelerator instead of on the brake and took all the other allegations from the jury. Plaintiff claims error in taking each of the allegations from the jury and in the court's failing to give a requested instruction concerning defendant's statutory duty under ORS 483.126 (1) regarding starting without first seeing that it could be done with safety (plaintiff's specification of negligence No. 3).

The submission to the jury of control and of stepping on the accelerator instead of on the brake properly presented the issues of defendant's negli-

gence. Defendant did not hit the vehicle in front of her because she did not keep a proper lookout or because she did not first see if she could go ahead with safety. She knew the vehicles were stopped in front of her and that she could not go forward. Neither did she hit the vehicle in front of her because she was driving at an excessive speed. She hit the vehicle in front of her because she mistakenly stepped on the accelerator instead of the brake and, consequently, lost control of her vehicle. Trial courts are not required to fractionalize a claimed simple act of negligence if the substance of the claimed negligent conduct is adequately presented to the jury by other allegations. *Kuffel v. Reiser,* 268 Or 152, 159, 519 P2d 365, 368 (1974).

■ It is also our conclusion that claims of defendant's negligence were adequately presented without submitting the manner in which the bag of groceries was placed in her vehicle. The act of putting the groceries in the vehicle was just one step in a series of acts which culminated in defendant's placing her foot on the throttle instead of on the brake. She was either negligent or not in doing so, and little would be added by making a separate allegation of negligence out of each act of the series, i.e., putting the bag on the back seat, stopping in a manner to make it fall, reaching back for the bag, taking her foot off the brake, etc. As stated in *Mayor v. Dowsett,* 240 Or 196, 236, 400 P2d 234 (1965), the allegations submitted were sufficiently definite and comprehensive to admit all the evidence tending to show negligence on the part of the defendant.[1]

---

[1] In case the result might seem incongruous, there was a very real dispute as to whether the plaintiff suffered any injuries as the result of the accident. Plaintiff wanted $98,000 when he was off work only eight days and had already been injured in another accident.

■ Lastly, plaintiff contends the case should be reversed because defendant's counsel, in his argument to the jury, asserted his personal beliefs concerning the merits of the case and the trial court refused to grant plaintiff a new trial. No objection was made to defendant's argument. No motion to strike was made, nor was there any motion for a mistrial. Plaintiff waited until the jury's verdict was adverse and then asked for a new trial. He argues that because of plaintiff's investment of time and money in the present trial he was foreclosed, as a practical matter, from asking for a mistrial at the time the impropriety occurred. In *Transamerica Title Ins. v. Millar,* 258 Or 258, 482 P2d 163 (1971), a similar situation, plaintiff's contention was answered as follows:

"* * * It [plaintiff] could not wait and gamble on the outcome of the case and then raise the question if the results were adverse * * *." 258 Or at 263.

We also said:

"* * * Although plaintiff's position was an undesirable one, we do not believe that the dilemma of plaintiff was of such proportion as to justify its being put in the position of enjoying the best of both worlds, especially, where the public's interest in the finality of the judicial process is at stake." 258 Or at 263-64.

*Also see Raymond v. Southern Pacific Co.,* 259 Or 629, 637-38, 488 P2d 460 (1971); *Wills v. Petros et al,* 225 Or 122, 129, 357 P2d 394 (1960).

The judgment of the trial court is affirmed.